### In re BALDWIN'S ESTATE.

(Supreme Court, Appellate Division, Fourth Department.   March 26, 1898.)

1. EXECUTOR—APPOINTMENT—RENUNCIATION.
    An executor may, by an oral statement in open court, renounce his appointment as executor, if the statement is accepted and acted upon by the court and all parties interested in the estate.

2. SAME—RETRACTION.
    An executor renounced his appointment, and the contestants to the will withdrew their objections, the will proceeded to probate, and a temporary administrator obtained leave to sell property. *Held*, that the executor could not then retract his renunciation of appointment.

    Green, J., dissenting.

Appeal from surrogate's court, Steuben county.

In the matter of the estate of Henry Baldwin, deceased, James Baldwin filed his petition to be relieved of a stipulation renouncing his appointment as executor. The petition was denied, and said Baldwin appeals. Affirmed.

One Henry Baldwin died on the 5th day of December, 1895, leaving a last will and testament wherein he named his brother, James Baldwin, and one James H. Tibbitts, as executors thereof. The above-named testator left an estate amounting to about $25,000, but he was liable, as a member of the firm of James Baldwin & Co., in the sum of about $60,000. This firm, consisting of the testator and his brother, James Baldwin, carried on business as private bankers at the village of Addison, in this state, and was insolvent. The executors named in the will in due time filed a petition for its probate, and upon the return day of the citation a nephew of the testator, who was a minor, appeared by special guardian, and filed objections to such probate, alleging duress, undue influence, and incompetency of the testator; and shortly thereafter another party interested in the estate objected to the issuance of letters testamentary to James Baldwin, on the ground that he was dishonest, improvident, and insolvent. On the 5th day of February, 1896, the matter came on to be heard in the surrogate's court of Steuben county, and was, by consent, adjourned to the 21st day of that month, at which time some negotiations were had between the parties, which resulted in Tibbitts agreeing that if opposition to the probate of the will was withdrawn, and letters to James Baldwin denied by the surrogate, he would renounce as executor, and consent that letters of administration with the will annexed be issued to him and one Oscar B. Stratton, who had been appointed temporary administrator of the estate. This determination was communicated to the surrogate in open court, and thereupon the will was admitted to probate without objection, and the proceedings were adjourned until February 26th, to take proof upon the issues raised by the objections made to the granting of letters testamentary to James Baldwin, who finally filed his renunciation in due form. Shortly after the appellant's renunciation as executor, he was informed that he would be required to give security if he was appointed administrator, and he thereupon stated to the surrogate that he did not know as he would care to waive his right as executor, and act as administrator; and, upon being asked by the surrogate if he desired to take that position, replied that he would consider the matter further; and thereafter, and upon the 22d

day of May following, he filed a petition asking to be relieved from his stipulation of renunciation. Issue was thereupon joined upon such petition, and the same came on to be heard before the surrogate, who denied the prayer of the petition, and from the decree denying the same this appeal was brought.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

Francis E. Baldwin, for appellant.
John F. Parkhurst, for respondent.

ADAMS, J. The Code permits a person named as executor in a will to renounce the appointment, and provides the manner in which such renunciation may be made, which is by a written instrument "signed by him, and acknowledged or proved, and certified in like manner as a deed to be recorded in the county." Code Civ. Proc. § 2639. The same section permits a party who has thus renounced to retract his renunciation "by a like instrument, at any time before letters testamentary, or letters of administration with the will annexed, have been issued to any other person in his place"; or, in certain contingencies, even after such letters have been issued, and in case a retraction is thus made, the surrogate is invested with discretionary power to issue letters testamentary to the person making it. It is not contended that the appellant either renounced or retracted his renunciation in the formal manner provided by the statute above cited; but it does appear—and as to this there is no dispute—that he did declare in open court his intention not to serve as one of the executors of the testator's will; that such declaration was accompanied by the request that letters of administration with the will annexed be issued to him and Oscar B. Stratton, and that the declaration thus made was accepted by the surrogate and all parties interested in the estate, and treated as equivalent to a renunciation.

An oral stipulation entered into between parties, or their attorneys, in open court, has been generally regarded as just as obligatory as though reduced to writing and executed with every legal formality (Jewett v. Bank, Clarke, Ch. 242; Banks v. Society, 4 Sandf. Ch. 438; Staples v. Parker, 41 Barb. 648; People v. Stephens, 52 N. Y. 306); and we think that when the appellant informed the surrogate of Steuben county that he did not intend to accept the trust conferred upon him, and this statement was accepted and acted upon, his renunciation was quite as complete and efficient as it would have been had it been strictly in accordance with the directions contained in the statute. That the appellant entertained this same view is evident from the fact that he subsequently petitioned the surrogate to be relieved from his stipulation on the ground that he had entered into the same unadvisedly. This course was unquestionably the proper one for him to have pursued under the circumstances, and consequently the only matter with which we are called upon to deal pertains to the refusal of the surrogate to grant the relief prayed for. As has already been shown, a person who has renounced as executor may, under certain circumstances, and upon certain conditions, retract his renunciation; and, if the renunciation is not in writing, we see no reason why the retraction should be. But in whatever form it may be made,

the statute expressly declares that its acceptance rests in the discretion of the surrogate (Code Civ. Proc. § 2639); and, when the right to retract in any case is denied by the surrogate, we do not see how the appellate court can interfere, unless it is made to appear that the court below has exercised in some improper way the discretionary power with which the statute has invested it. Barry v. Insurance Co., 53 N. Y. 536. If there has been any abuse of discretion in this particular case, the record fails to disclose it. On the contrary, we think the learned surrogate was amply justified in denying the executor's application. In the first place, it was not made until three months after the petitioner had been fully informed of the position in which he had placed himself by his renunciation. In the meantime the contestants, relying upon the appellant's declaration of his intention not to serve, had withdrawn all objections, and permitted the will to go to probate. Proceedings were likewise instituted to prevent the issuing of letters testamentary to James Baldwin, which ultimately resulted in his renunciation, and the temporary administrator had, with the consent of the appellant's attorney, obtained leave to sell the testator's personal estate. In short, the appellant entered into an engagement with the court, as well as with the adverse party, which was subsequently accepted and acted upon; and we think the court was therefore bound, in good conscience, to enforce the stipulation thus entered into for the protection of all who had made it.the basis of their subsequent action. Banks v. Society, supra. The decree of the surrogate should therefore be affirmed.

Decree of the surrogate of Steuben county affirmed, with costs. All concur, except GREEN, J., who dissents.