LETTERS OF ADMINISTRATION WITH WILL ANNEXED—TO WHOM GRANTED.
Code Civ. Proc. c. 18, tit. 3, art. 4, § 2660, providing that administration may be granted to competent persons, although not entitled to the same, with the consent of the person entitled, to be joined with the latter, is not limited to administration in cases of intestacy.

Application for letters of administration with the will annexed of the estate of Sophie Moehring, deceased. Granted.

Steinhardt & Goldman, for petitioner.

FITZGERALD, S. The petitioner, who is entitled to letters of administration, with the will annexed, of the decedent, in making her application therefor, asks and consents to have the letters issued jointly to her and to another person, who, in his own right, would not be entitled to the same. Section 2643 of the Code of Civil Procedure,

which designates the persons to whom letters of administration c. t. a. may be issued, and the order in which they are entitled to the same, makes no provision for issuing the letters to a person not otherwise entitled to them, in conjunction with one who is. Authority, however, for the granting of such letters, was found in section 34, pt. 2, c. 6, tit. 2, art. 2, of the Revised Statutes (volume 4, 8th Ed., p. 2553). Quintard v. Morgan, 4 Dem. Sur. 168. Section 34 declared that "administration may be granted to one or more competent persons although not entitled to the same, with the consent of the person entitled, to be joined with such person; which consent shall be in writing, and be filed in the office of the surrogate." This section continued in force until it was repealed by the abrogation by chapter 686 of the Laws of 1893 of the article of which it was a part. This act incorporated section 34 almost literally, and nearly all the other provisions of article 2 substantially, under sections 2660 and 2661 of the Code. These sections are part of article 4, tit. 3, c. 18, Code Civ. Proc. This article, previous to such incorporation, related wholly and exclusively to the procedure in applications for letters of administration in cases of intestacy, and the insertion among its provisions of the sections of the Revised Statutes has created grave doubt as to whether the legislature intended that such of these sections as were applicable to administration in cases of testacy should continue so applicable after their inclusion in the Code. While the change thus effected, coupled with the confusing manner in which the provisions of the Revised Statutes have been collated and consolidated in sections 2660 and 2661, has involved the question in considerable obscurity and perplexity, still I think that upon a careful scrutiny of these sections it will be discovered that they supply strong internal evidence that the provision in question was not intended to be limited in its application to administration in cases of intestacy. Section 2661 prescribes that "letters of administration shall not be granted to a person convicted of an infamous crime, nor to any one incapable by law of making a contract, nor to a person not a citizen of the United States, unless he is a resident of the state, nor to a person under twenty-one years of age, or who is adjudged incompetent by the surrogate to execute the duties of such trust by reason of drunkenness, improvidence or want of understanding." This section is a substantial re-enactment of section 32 of the article of the Revised Statutes above mentioned, and it was the only provision of law, prior to the enactment of section 2661 of the Code, that prescribed the grounds of disqualification of a person to receive letters of administration, as section 2661 has, since its adoption, been the only existing provision of law on the same subject. Neither of these sections afford in themselves any indication that they relate to one sort of letters rather than another. The unrestricted nature of the language of the sections would seem to imply that they relate to both. The section of the Revised Statutes undoubtedly so applied (Quintard v. Morgan, 4 Dem. Sur. 168), and the section of the Code has been held to have a like application. In re Manley's Estate, 12 Misc. Rep. 473, 34 N. Y. Supp. 258. The fact that the latter section, which is an embodiment of section 32 of the Revised Statutes, is applicable to

letters of administration in cases of testacy, is a strong reason for concluding that the provision in question, which was transferred from the Revised Statutes at the same time and in the same manner, was intended to be similarly applicable.    This view appears to be countenanced by the notes of the commissioners of statutory revision, and their remarks in reporting to the legislature for adoption the amendments to the Code effected by the act of 1893.    They seem to indicate that the amendments were intended to re-enact, and so continue in operation, the provisions which they had superseded.    Report of Statutory Revision, 1891, pp. 1115, 1167.    Application of the petitioner is granted.

Application granted.