EXECUTORS AND ADMINISTRATORS—ASSIGNMENT OF LEGACY—JURISDICTION OF SURROGATE.

A surrogate has jurisdiction to try the question of the existence of an alleged assignment, under which an administrator claims authority for the payment of the proceeds of a legacy to the assignee.

Motion by Andrew Black in the matter of the settlement of the account of Frank Geis, as administrator of Francis J. Geis, deceased, contesting the payment of the proceeds of a legacy by said administrator under an alleged assignment.   Report by a referee for the contestant, and administrator excepts.   Sustained in part.

Andrew Blake, for contestant.

Norman A. Lawlor, for administrator:

John E. Burke and Frederick A. Camp, for executors.

VARNUM, S. This motion was argued before Surrogate Arnold, and has now been submitted to me for decision. The administrator herein paid the proceeds of a certain legacy given by decedent to the latter's widow, in recognition of an alleged assignment. The referee properly found that no such assignment took place, and that the account of the administrator should be surcharged with the amount of the moneys so paid out by him. It is contended that the court had no jurisdiction to try this issue. It is true that, where an apparently valid assignment of a legacy is attacked on the ground of fraud or mistake, the surrogate's court, not being a tribunal with equity powers, has no jurisdiction to determine the validity of the paper. In re Randall, 152 N. Y. 508, 46 N. E. 945. Such is not the case here, however. The question whether or not the decedent made the assignment under which the administrator assumed to act presented an issue of fact, not calling for the exercise of any equity power. The issue was, not the validity, but the existence, of an assignment. The administrator, by allowing the claim made to the proceeds of the legacy, did not preclude the persons interested in the estate from inquiring into his act, and contesting its propriety. In re Perry, 5 Misc. Rep. 149, 25 N. Y. Supp. 716, 720.

It appearing that a will of the decedent has been probated, and letters issued thereunder, since the filing of the report of the referee, the payments directed cannot at this time be made. In all other respects the exceptions filed are overruled, and the report will be confirmed. The decree to be entered should direct the administrator to pay the surplus in his hands to the executor, to whom letters have been issued. Decreed accordingly.