---

(29 Misc. Rep. 36.)

## In re HAUG'S ESTATE.

(Surrogate's Court, New York County. August, 1899.)

1. EXECUTORS AND ADMINISTRATORS—WHO ENTITLED TO LETTERS OF ADMINISTRATION.

Code Civ. Proc. § 2660, subd. 8, authorizes letters of administration to be granted to next of kin entitled to share in the distribution of an estate. Section 2514, subd. 12, declares that "next of kin" includes those entitled to share in the distribution of decedent's unbequeathed personal property. *Held*, that as a nephew, whose father died subsequent to deceased, was not next of kin to him, such nephew was not entitled to letters, under section 2660, subd. 8, as against the executor of a sole legatee under decedent's will, entitled to letters under section 2660, subd. 9.

2. SAME—RENUNCIATION—EFFECT.

Where one of the next of kin of decedent's estate renounced her right to letters in favor of one who was subsequently held not entitled thereto,

such renunciation will not preclude her from intervening and claiming letters, as against a contestant in a proceeding to revoke the letters erroneously granted.

Application to set aside letters of administration of the estate of Caroline Haug.

Henry C. White, for petitioner.

Coudert Bros., for respondent.

FITZGERALD, S. The respondent, to whom letters of administration with the will annexed were issued herein, is the son of a brother of the testator. The brother survived the latter, but was not alive at the time the letters were applied for or granted. The present application is to set aside the letters and the decree granting them upon the alleged ground that the applicant, by reason of his being the executor of a sole legatee, was vested with a right to the letters superior to that of the respondent by section 2660 of the Code of Civil Procedure, and should have been cited in the proceeding to procure the letters, as required by section 2644, which was not done. The respondent contests this claim, and insists that he is one of the next of kin of the testator, within subdivision 3 of section 2643, and so has a right to letters prior to that of his opponent. The next of kin mentioned in the subdivision, it seems to me, are to be ascertained by reference to subdivision 12 of section 2514. The definition there given says: "The term 'next of kin' includes all those entitled, under the provisions of law relating to the distribution of personal property, to share in the unbequeathed residue of the assets of a decedent after payment of debts and expenses, other than a surviving husband or wife." The respondent obviously is not one of those described by, or referred to in, the subdivision. In the absence of a will, he would simply share in the estate of his father by virtue of the provisions of law relating to the distribution of personal property, and his father would, under such provisions, similarly share in the property of the testator, so that the father, and not the son, would take as the next of kin of the testator in the contingency of his not having left a will. Public Adm'r v. Peters, 1 Bradf. Sur. 100. In cases of intestacy, the provisions of the statute, as expounded by the decisions, do not confine the right to receive the letters to the next of kin of an intestate, but extend it to the relatives or kin of the intestate, specified or referred to in the statute and in the order therein prescribed. Code Civ. Proc. § 2660; Lathrop v. Smith, 24 N. Y. 417. The provisions of section 2660, upon which the executor rests his claim to the letters, declare that letters of administration shall also be granted to an executor or administrator of a deceased person named as a sole legatee in a will, and that the public administrator in the city of New York has preference after the next of kin and after an executor or administrator of a sole legatee named in a will, whereby the whole estate is devised to such deceased sole legatee over creditors and all other persons. From the circumstance that the quoted provisions form part of section 2660, it might be supposed that they apply to administration in cases of intestacy, and not to adminis-

tration under a will. Their attempted application in the former case would lead to such strange and anomalous results that I am satisfied the provisions were enacted to enable an executor or administrator of a sole legatee of a decedent to take out letters of administration with the will annexed upon the estate of the latter. This conclusion finds support in the fact that certain other provisions contained in section 2660, or in the article in which it is included, have been held applicable to cases of administration with the will annexed. In re Moehring, 24 Misc. Rep. 418, 53 N. Y. Supp. 730. Having previously arrived at the conclusion that the respondent is not one of the "next of kin" of the testator upon whose estate he obtained letters, within the meaning of those terms as used in subdivision 3 of section 2643 of the Code, the only authority for the granting of letters to him must be found in the fifth subdivision of the section mentioned. The public administrator being mentioned in the subdivision immediately preceding, and so being entitled to letters in preference to the persons referred to in subdivision 5, and his right to administration being postponed, by section 2660, to that of the executor of the will of a sole legatee, the applicant herein is, as against the respondent, entitled to the letters which have been issued to the latter, and they should be revoked.

There is, however, a sister of the testator, who is one of his next of kin, and who, under subdivision 3 of section 2643, has a right to the letters prior to that of the applicant. She has intervened herein, and claims that letters should be issued to her in the event of the revocation of the existing letters. In the proceeding in which such letters were granted she renounced her right to the same, and she now seeks to retract such renunciation for the purpose of enabling her to apply for letters in the event mentioned. It seems to me that the renunciation was given in furtherance of, and for the purpose of, the particular application in which it was used, and not for other or general purposes. Under the circumstances, and in view of the conclusion which I have reached as to the revocation of respondent's letters, I have decided to permit a retraction of the renunciation to be made. In re Wilson, 92 Hun, 322, 36 N. Y. Supp. 882; Casey v. Gardiner, 4 Bradf. Sur. 13. See Code Civ. Proc. § 2639. As a consequence, the letters would issue to the sister, unless there is some legal objection to her receiving them.

Decreed accordingly.