1. RIGHT TO ADMINISTER—RENUNCIATION—WITHDRAWAL.

Where a sole legatee under a will appointing no executor is primarily entitled to administer with the will annexed, she cannot withdraw a renunciation of the right without the consent of the surrogate.

2. SAME.

Where the sole legatee under a will, who is primarily entitled to administer, has executed a renunciation, and assigned all her interest in the estate, for a substantial consideration, she will not be allowed to withdraw the renunciation and apply for letters.

3. SURROGATE—JURISDICTION.

Where the sole legatee under a will has assigned her interest, the surrogate has no jurisdiction to determine, as an independent proposition,

whether the assignment was procured by fraud, but only to determine, as a question of fact, whether an assignment was made.

4. RIGHT TO ADMINISTER—ASSIGNEE OF SOLE LEGATEE.
     Where the sole legatee under a will has assigned all her interest to another for a substantial consideration, such assignee is entitled to administer, under Code Civ. Proc. § 2640, giving the right to administer with the will annexed—First, to the residuary legatee; second, to a principal or specified legatee; third, to a next of kin; and, fourth, to a creditor.

In the matter of the application for letters of administration with the will annexed on the estate of Margaret Clute. Letters of administration granted.

Benjamin W. Knower (E. D. Flanigan, of counsel), for petitioner Mary E. Molloy.

Lewis Cass, for petitioner John F. Clute.

HEATON, S. Application by Mary E. Molloy and by John F. Clute for letters of administration with the will annexed on the estate of Margaret Clute. The will of Margaret Clute was probated in this court as a will of personal property only, on the 4th day of February, 1902. By its terms the will gives all of the personal estate to Mary E. Molloy, a friend, but not a next of kin, of deceased, and does not name an executor. The deceased left no husband, and her only next of kin are nephews and nieces residing in Virginia, for whom the attorney for the petitioner Clute appears, and who favor his appointment. The petitioner Molloy claims to be entitled to administer as a matter of right, as being the sole legatee named in the will. The petitioner Clute claims to be entitled to administer by reason of an alleged assignment by Mary E. Molloy to him of all her right, title, and interest under the will of deceased, accompanied by a renunciation of her right to administer. Upon the hearing, Mrs. Molloy filed a retraction of her alleged renunciation.

The first question, then, is whether or not a person who is primarily entitled to be appointed administrator with the will annexed, and who has renounced such right, has an absolute right to retract such renunciation. The second question is, if it shall be decided that she has not such right of retraction, will she be allowed to exercise it in a case where it is accompanied by an assignment of all her right under the will? The third question is, if it shall be determined that she cannot retract in such a case, whether or not such an assignment and renunciation were made, and to what extent the surrogate has jurisdiction to pass upon the validity of such papers where they are attacked, as in this case, as being procured by fraud. If all of these questions are decided against the contention of Mrs. Molloy, can Clute receive letters in this case?

Upon the first question,—the absolute right of retraction of a renunciation,—the cases do not seem to go so far as to hold that in every case there is an absolute right of retraction, which must be accepted by the surrogate without his consent. Retraction of a renunciation by an executor is provided for in section 2639, and a

renunciation, but not a retraction thereof, by a person prior entitled to letters c. t. a., is recognized by section 2644. But it was held in Re Cornell (Sur.) 41 N. Y. Supp. 255, that even a retraction of a renunciation made by an executor under section 2639 was an application addressed to the discretion of the court; the court saying, "The rule would seem to be a sound and just one, as many matters might occur that would make it undesirable that letters testamentary that had been renounced should subsequently be issued to the person formerly renouncing." The permission to retract was refused, and the application for letters denied. In Re Baldwin, 27 App. Div. 506, 50 N. Y. Supp. 872, an executor was not allowed to retract his renunciation made in open court; the court saying, "The statute expressly declares that its acceptance rests in the discretion of the surrogate." In Re Haug, 29 Misc. Rep. 36, 60 N. Y. Supp. 382, the court "decided to permit a retraction of the renunciation to be made." From these and other cases it appears that the courts have not yet been willing to commit themselves to the adoption of a rule that in all cases there is an absolute right of retraction of renunciation by an executor or administrator, but, rather, that the filing of a retraction can become effective only by the permission and in the discretion of the surrogate, exercised with reference to the facts shown in each particular case.

If Mrs. Molloy has no absolute right of retraction, should she be permitted to retract in this particular case? The facts appearing upon the hearing are substantially as follows: Margaret Clute died December 20, 1901, at the home of Mary E. Molloy, in the city of Albany, N. Y., where she had kept a rented room for several years prior to her death, which she had not occupied continuously, but from time to time, according to her convenience. A week before her death, Miss Clute came to Mrs. Molloy's house, sick, and was cared for by Mrs. Molloy until her death. The room rent was paid up to the time she last came there. She made her will on the 19th day of December, 1901, giving to Mrs. Molloy all her personal estate, which, from the evidence, will net, as estimated by the witnesses, from $500 to $700, exclusive of the transfer tax, the expenses of administration, and any unforeseen contingencies. On December 22d, the evening of the day of Miss Clute's funeral, Mr. Brown, husband of Elizabeth Brown, one of the next of kin of Miss Clute, residing in Virginia, called on Mrs. Molloy with reference to making a settlement with her; claiming that there was likely to be a contest over her will, and that his wife had a large claim against the estate, and that, unless some settlement was brought about, the estate would be eaten up. On the afternoon of December 28th, and again on the afternoon of December 31st, Mr. Brown, Mr. Clute (the petitioner), and Mr. Cass (his attorney), called and made similar references to Mrs. Brown's claim, a contest, expenses, etc., with the result that on the last visit Mrs. Molloy accepted $200 cash from the parties, and executed a renunciation of "all right and claim to letters of administration with the will annexed on the estate of said decedent," and also executed and delivered to John F. Clute an assignment of "all the personal es-

tate, of whatever character it may be, and wherever situated, whether in possession or right of action, or assets of any description whatever, which was bequeathed to said Mary E. Molloy by the last will and testament of Margaret Clute, late of the city of Albany, N. Y., deceased, who died on or about the 20th day of December, 1901, at No. 729 Broadway, in said city of Albany. To have and to hold the said personal estate so bequeathed by said Margaret Clute to the said party of the second part, his heirs and assigns, forever, fully discharged of all lien, claim, right, title, and interest therein which the said party of the first part might make to the same, or to any part or article or item thereof." Notwithstanding this renunciation and this assignment, Mrs. Molloy now claims the right to administer this estate as residuary legatee; and, by virtue of them, Mr. Clute claims the right to administer. On this application Mrs. Molloy filed a written retraction of the renunciation, and sought to attack the assignment as being procured by fraud. Such evidence as the parties desired to produce, bearing upon the circumstances of the execution of these papers, has been received, because they were part of the same transaction, and the surrogate has discretionary power to permit a retraction of a renunciation, and, if such renunciation was procured by fraud, it would be his manifest duty to allow the same to be retracted. The evidence does not show that the renunciation was procured by fraudulent means, or that it was not the free and intelligent act of Mrs. Molloy. It appears that she had competent lawyers, whom she requested Mr. Brown to consult; but it does not appear that she took the trouble to consult them herself; although the first visit was made on December 22d, and the papers were not finally signed until the 31st day of December. On the last visit, Mrs. Reed, a friend of Mrs. Molloy's, was present; and Mr. Cass asked particularly that she should remain, and she was present during all of the conversation, and at the time of the execution of the renunciation. Mrs. Molloy testified on the hearing that she had seen Mrs. Reed about a week before the hearing, but she was not sworn as a witness. Mrs. Molloy also testified explicitly that the two papers were read over to her carefully, and that she understood them. Whether or not the assignment was procured by fraud cannot be passed upon by the surrogate as an independent proposition. In re Randall, 152 N. Y. 508, 46 N. E. 945. But a surrogate has jurisdiction to determine, as a question of fact, in a proper case, whether or not an assignment was made. In re Geis, 27 Misc. Rep. 490, 59 N. Y. Supp. 175. A duly executed assignment by Mrs. Molloy to John F. Clute of all her right under the will of decedent is filed and in evidence, and, as the surrogate has no jurisdiction to adjudge it to be invalid on the ground of alleged fraud, it stands as proof of the fact that an assignment was executed in connection with the renunciation, as a part of the same transaction. Taken in this connection, the existence of the assignment furnishes a strong reason for refusing to allow the retraction of the renunciation. The margin in the personal estate over the $200 paid by Clute to Mrs. Molloy is not large, and it is to be assumed that Clute would not have paid $200 for an assignment if unaccompanied by a renunciation. The expense of administering

the estate might naturally be much greater if managed by Mrs. Molloy than it would be if managed by a lawyer like Mr. Clute. A party may waive a statute, and even a constitutional provision made for his benefit, and, having once done so, cannot afterward ask for its protection. In re Cooper, 93 N. Y. 507. For a valuable consideration, paid to her in cash, Mrs. Molloy waived her statutory right to administer, and sold and assigned all her right, title, and interest in the Clute personal estate; and she ought not now to be allowed to retain the cash avails of the transaction, and at the same time repudiate her renunciation, and be authorized by this court to have the control and management of the property which she has sold. The application of Mrs. Molloy for letters is denied.

The only other applicant for letters is John F. Clute. By virtue of the assignment filed in this court on the 20th day of January, 1902, he is presumptively the owner of, and entitled to, the whole personal estate of Miss Clute; having succeeded to the rights of the sole legatee named in said will. Section 2643 directs to whom letters c. t. a. shall be issued; being—First, to a residuary legatee; second, to a principal or specified legatee; third, to a next of kin; and, fourth, to a creditor. There is no residuary or principal legatee entitled to letters, unless it be Clute, who has purchased all the rights of the only residuary and principal legatee named in the will. Section 2643 does not give the right to administer to persons as persons, as does section 2660; but it gives it to the persons named because of their property rights and interests, in order that vested rights may be protected. It was said in Re Lasak (Sup.) 8 N. Y. Supp. 740:

"The object of the statute, in conferring a preference on the residuary legatees in such a case, seems to be to place the administration in the hands of those whose interest is to see that the estate is administered honestly and without undue and careless waste."

In Re Seymour, 33 Misc. Rep. 271, 68 N. Y. Supp. 638, letters were refused to a father, although he was the next of kin, under section 2660, because he was not entitled to share in the estate. In re Wilson, 92 Hun, 318, 36 N. Y. Supp. 882, was referred to as not holding the contrary doctrine, as in that case the widow was, by law, entitled to share in the estate.

In addition to the sole property rights and interests which Mr. Clute has in this estate, he also has on file in this court a written consent of all of the next of kin of deceased that letters with the will annexed be issued to him. These next of kin have also appeared by attorney in this matter, in the effort to defeat the granting of letters to Mrs. Molloy, and to procure the granting of letters to Mr. Clute.

Letters of administration with the will annexed may therefore be issued to John F. Clute upon his taking the usual oath, and filing a bond in the penal sum of $3,000. Decreed accordingly.