In the Matter of the Estate of NATHAN BLOOM, Deceased.

Surrogate's Court, Kings County, March 7, 1935.

*Sidney Horowitz,* for the administrators, respondents.

*Marvin K. Klein,* for the petitioner.

WINGATE, S. The present application to revoke limited letters of administration, heretofore granted in respect to this estate, possesses the virtue of novelty if no other.

Such letters were granted to the admitted widow of the decedent, jointly with a son by a former marriage. The latter was joined with her upon her petition upon it appearing that she was unable to read or write the English language.

In view of the preferential right to letters enjoyed by a widow under section 118 of the Surrogate's Court Act, the intestate's children by his first marriage, who, together with the widow, constitute his statutory distributees, were not required to be, and were not in fact, notified of the application for her appointment. They now unanimously and somewhat vociferously demand the removal of both appointees, although they indicate a possible

willingness to do a little trading by permitting the widow to continue, if her coadministrator is thrown out, and his position is awarded to one of their number. Whereas in these days of slackness in the formerly busy marts of trade an indication of willingness to do business is wont to be met with alacrity if not, indeed, with enthusiasm, the court is somewhat doubtful of the propriety of accepting the proposed bargain.

The charges against the widow are twofold. The first is that she is unable to read or write the English language. This is something less than a startling revelation to the court in view of the fact that her petition, oath and designation were all signed by her in Yiddish. The second, by which the applicants apparently lay great store, is to the effect that at one time while the decedent was still a widower, it is alleged that he was desirous of borrowing some money. Having tried vainly to procure it from divers persons, he was directed by a friend to the present widow whose former spouse had passed to another, and, it is to be hoped, a better world, and she, 'tis said, refused to loan him the money unless he would consent to accept her with it, whereupon he succumbed to her importunities, thereby simultaneously acquiring the much desired cash and a legally joined participant in his mundane joys and sorrows.

The moving papers do not disclose, and the court is, therefore, left in doubt, as to whether the applicants view this alleged transaction as a species of duress, as extortion or merely as a type of usury. Furthermore, it is not indicated which, if either, got the worst of the bargain. It is inferable that the lady in the case was the loser, as the petition for her appointment indicates that the decedent at the time he was killed possessed no assets, which would lead to a belief that she not only has lost her husband, but her money as well.

Whatever the theory of the applicant respecting the species of culpability of the respondent, there is wholly lacking any allegation of physical or moral duress such as to render the nuptials void or even voidable. She is, therefore, the lawful widow of the decedent and as such complies exactly with the statutory requirements of the person first entitled to administration upon the estate.

Her lack of acquaintance with the locally preponderant method of orthography is a matter which the court considered at the time of her appointment in assaying the propriety thereof. Whereas section 95 of the Surrogate's Court Act authorizes the court, in its discretion, to deny letters on this ground, this discretion has, in the present instance, been exercised favorably to the widow, and since she has been rightfully appointed, her letters are not now subject to revocation on this ground. (*Matter of McDonald*, 211

N. Y. 272, 278.) As none of the causes for removal enumerated in sections 99 and 104 of the Surrogate's Court Act have been alleged, the right of the widow to continue as administratrix is unassailed.

The remaining question concerns the propriety of a continuance in office of her coadministrator. · The only apparent basis advanced for his removal is that the applicant would like his job. Since no allegations of personal unfitness or misconduct have been made against him, the sole inquiry in this connection resolves itself into one of whether his original appointment was warranted. The authority therefor is found in the final paragraph of section 118 of the Surrogate's Court Act where it is provided that " administration may be granted to one or more competent persons, jointly with a person entitled upon the application of a person entitled to take or share in the personal property."

The widow was " a person entitled to take or share in the personal property " of the decedent; she was " entitled " to letters; she made " the application " for his joint appointment with her, and the court, pursuant to its delegated power, granted her application. There is, therefore, an end of the matter. (*Matter of Kassam*, 141 Misc. 366, 371; affd., 235 App. Div. 609.)

The application is accordingly in all respects denied, with costs. Enter order on notice.