In the Matter of the Estate of WILLIAM J. FICHTER, Deceased.

Surrogate's Court, Westchester County, April 19, 1935.

*William Gray*, for the petitioner.

*Thompson & McGinty* [*John J. McGinty* of counsel], for the objectants.

SLATER, S. The widow of this intestate has petitioned for the issuance of letters of administration to her and Harold W. Levy, a disinterested person. The decedent was a resident of the town of Greenburgh. He died intestate on or about the 8th day of February, 1935, leaving personal property of upwards of $200,000. His distributees are his widow, one sister of the full blood, and two sisters and two brothers of the half blood. The two brothers have filed consents to the appointment of the widow and Harold W. Levy as administrators. The three sisters are objecting to the appointment of Harold W. Levy as coadministrator upon the following grounds:

(1) That there is no necessity for Harold W. Levy, or any other person, being named jointly with the widow as administrator of this estate;

(2) That the issuance of letters of administration to Harold W. Levy would cause the assets of the estate to be depleted to the extent of the commissions which he would be entitled to receive as such administrator; and

(3) That the said Harold W. Levy is not a competent person to receive such letters within the purview of section 118 of the Surrogate's Court Act, inasmuch as the consents of all persons entitled to take or share in the estate have not been obtained.

The decedent was vice-president of the Taylor-Fichter Steel Construction Company, Inc., of 570 Seventh avenue, New York city. The business of this corporation is that of steel erectors and builders of bridges and public buildings. The stock of this corporation consists of 2,500 shares, of which the decedent owned 1,245 shares, his widow 5 shares and Jacob Loewenstein and his wife, 1,250 shares. The decedent and his wife also owned one-half of the 500 shares of stock of the Loewenstein-Fichter Company, Inc., a holding company, and Jacob Loewensteinand his wife own the remaining shares of stock. The decedent was also an officer and stockholder of the F. & F. Engineering Corporation and the Electro-Craft, Inc., of Yorktown, N. Y. Mr. Levy was the assistant secretary of the Taylor-Fichter Steel Construction Company, Inc., and of the Loewenstein-Fichter Company, Inc. He has no interest in the corporations other than that of an employee. For the past nine years Mr. Levy has had intimate association with the decedent's business relations and has handled practically all the personal affairs of the decedent.

Section 118 of the Surrogate's Court Act, as now in force, specifies the order in which letters of administration must be granted. It also provides as follows: " If several persons have an equal right to administration, *there shall be no preference on account of sex, but that person must be appointed, who will, in the judgment of the surrogate, best manage the estate of the intestate.* Relatives of the whole blood *must be preferred* to those of the half blood. `If there are several persons equally entitled to administration, the surrogate may grant letters to one or more of such persons. *Administration may be granted to one or more competent persons, jointly with a person entitled upon the application of a person entitled to take or share in the personal property,* or to a competent person or persons not entitled, upon the *consent* of all the persons entitled to take or share in the estate *whether* within *or without* this state and competent, which consent must be in writing, and filed in the office of the surrogate. For the purposes of this section a trust company or other corporation authorized to act as administrator shall be included in the word ' person.' "

This section was formerly section 2588 of the Code of Civil Procedure, as revised by chapter 443 of the Laws of 1914 from section 2660 of the Code of Civil Procedure. Section 2588 of the Code of Civil Procedure, as amended by the Laws of 1914, read

as follows: " If several persons have an equal right to administration, they must be preferred in the following order: *First,* men to women; *second,* relatives of the whole blood to those of the half blood; *third,* unmarried women to married. If there are several persons equally entitled to administration, the surrogate may grant letters to one or more of such persons. *Administration may be granted to one or more competent persons, jointly with, and upon the application of, a person entitled; or to a competent person or persons not entitled, upon the consent of all of the persons entitled to take or share in the estate who are within this state and competent, which consent must be in writing,* and filed in the office of the surrogate. For the purposes of this section a trust company or other corporation authorized to act as administrator shall be included in the word ' person.' "

By chapter 220 of the Laws of 1920 this section was amended to provide that administration may be granted to one or more *competent* persons, jointly with " a person *entitled* upon the application of a person *entitled* to take or share in the personal property."

Chapter 928 of the Laws of 1920 removed chapter 18 from the Code of Civil Procedure and placed the sections thereof in a separate codification known as the " Surrogate's Court Act," and section 2588 was thereby continued as section 118 of such act.

Section 118 was amended by chapter 201 of the Laws of 1921 to read that administration may be granted to one or more *competent* persons jointly with " a person *entitled* upon the application of a person entitled to take or share in the personal property." It was further amended by chapter 214 of the Laws of 1923 to provide for the appointment upon the *consent of all the persons entitled* to take or share in the estate " whether within or without " this State, and was further amended by chapter 574 of the Laws of 1925 by inserting the following provision with reference to the provisions if several persons have an *equal right* to administration: " there shall be no preference on account of sex, but that person must be appointed, who will, in the judgment of the surrogate, best manage the estate of the intestate. Relatives of the whole blood must be preferred to those of the half blood."

Under the wording of section 118, it is not necessary for the petitioner to set forth any reasons for the appointment of a coadministrator.

Section 118 of the Surrogate's Court Act provides two methods by which *persons not entitled* may be appointed administrator: (1) Jointly with the *person entitled* upon his application; (2) upon the *consent of all competent persons entitled* to take or share in the estate.

In the first case, only the person *entitled* to letters need make the application and the consent of other distributees is not necessary. In the second case, all those entitled to share in the estate must consent whether they are primarily entitled to letters or not. (7 Wait N. Y. Prac. [4th ed.] 369; *Matter of Moehring,* 24 Misc. 418; *Matter of Ireland,* 47 id. 545; *Steele* v. *Leopold,* 135 App. Div. 247; affd., 201 N. Y. 518.)

Section 118 of the Surrogate's Court Act makes distinction between " competent persons " and " persons entitled." The word " competent " as defined by Funk & Wagnalls New Standard Dictionary means " having sufficient ability or authority; possessing the requisite natural or legal qualifications." Webster's Dictionary defines the word " competent " as " answering all requirements; adequate; sufficient; fit." The same definitions of the word " competent " are also carried in Words and Phrases First Series, page 1358, and Second Series, page 831.

Section 94 of the Surrogate's Court Act sets forth the persons who are incompetent to receive letters as (1) under the age of twenty-one years; (2) an adjudged incompetent; (3) an alien not an inhabitant of this State; (4) a felon; and (5) incompetent to execute the duties of such trust by reason of drunkenness, dishonesty, improvidence or want of understanding.

The widow has the absolute right to have joined with her a person thoroughly familiar with the large business affairs of her late husband and who is competent to act as one of the administrators of this estate. It is good judgment to ask for the appointment. The cases cited by the objectants are not in point. The objections are dismissed. (*Matter of Kassam,* 141 Misc. 366, 371; affd., 235 App. Div. 609; *Matter of Bloom,* 154 Misc. 741, and cases cited *supra.*)

Submit decree upon two days' notice granting letters of administration to the petitioner and Harold W. Levy upon their qualifying according to law.