In the Matter of the Probate of the Last Will and Testament of HENRY BALDWIN, Deceased.

In the Matter of the Application of JAMES H. TIBBITTS to be Relieved from Stipulation and for Letters Testamentary on the Will of HENRY BALDWIN, Deceased.

In the Matter of the Application of OSCAR B. STRATTON and Others for the Appointment of said OSCAR B. STRATTON as Administrator with the Will Annexed of HENRY BALDWIN, Deceased.

JAMES H. TIBBITTS, Appellant; OSCAR B. STRATTON, Respondent.

*Executors — an oral renunciation of an executorship, made in open court, is valid — review by the Appellate Division of a surrogate's exercise of his discretionary power to permit its retraction — oral retraction, when permissible.*

Where, upon a contested proceeding for the probate of a will, the executor named in the will declares in open court that if the objections to the probate of the will are withdrawn he will renounce as executor and consent that letters of administration, with the will annexed, be issued to himself and another, and such statement is accepted and at a later date acted upon by the surrogate and all the interested parties, the renunciation is as effective as though it had been evidenced by an instrument signed and acknowledged by the executor in strict accordance with the statute. (Code Civ. Proc. § 2639.)

The Appellate Division will not interfere with the exercise by a Surrogate's Court of the discretionary power conferred upon it by section 2639 of the Code of Civil Procedure, relative to the acceptance of a retraction of a renunciation by an executor, unless it appears that the power was exercised in some improper way.

Circumstances considered by the Appellate Division which justify a surrogate in declining to accept a retraction.

*Semble*, that where a renunciation is oral a retraction of it may be.

GREEN, J., dissented.

APPEAL by James H. Tibbitts from a decree of the Surrogate's Court of Steuben county, entered in said Surrogate's Court on the 25th day of March, 1897, awarding letters of administration with the will annexed, upon the estate of Henry Baldwin, deceased, to James H. Tibbitts and to Oscar B. Stratton, upon filing a bond for $40,000.

One Henry Baldwin died on the 5th day of December, 1895, leaving a last will and testament wherein he named his brother, James Baldwin, and one James H. Tibbitts as executors thereof.

The above-named testator left an estate amounting to about $25,000, but he was liable as a member of the firm of James Baldwin & Co. in the sum of about $60,000. This firm, consisting of the testator and his brother, James Baldwin, carried on business as private bankers at the village of Addison, in this State, and was insolvent.

The executors named in the will in due time filed a petition for its probate, and upon the return day of the citation a nephew of the testator who was a minor appeared by special guardian and filed objections to such probate, alleging duress, undue influence and incompetency of the testator, and shortly thereafter another party interested in the estate objected to the issuance of letters testamentary to James Baldwin, on the ground that he was dishonest, improvident and insolvent. On the 5th day of February, 1896, the matter came on to be heard in the Surrogate's Court of Steuben county, and was by consent adjourned to the twenty-first day of that month, at which time some negotiations were had between the parties which resulted in the appellant Tibbitts agreeing that, if opposition to the probate of the will was withdrawn and letters to James Baldwin denied by the surrogate, he would renounce as executor and consent that letters of administration with the will annexed be issued to him and one Oscar B. Stratton, who had been appointed temporary administrator of the estate.

This determination was communicated to the surrogate in open court, and thereupon the will was admitted to probate without objection, and the proceedings were adjourned until February twenty-sixth, to take proof upon the issues raised by the objections made to the granting of letters testamentary to James Baldwin, who finally filed his renunciation in due form.

Shortly after the appellant's renunciation as executor he was informed · that he would be required to give security if· he was appointed administrator, and he thereupon stated to the surrogate that he did not know as' he would care to waive his right as executor and act as administrator, and upon being asked by the surrogate if he desired to take that position, replied that he would consider the matter further, and thereafter and upon the twenty-second day of May following, he filed a petition asking to be relieved from his stipulation of renunciation. Issue was thereupon joined upon such petition and the same came on to be heard before the surrogate, who denied the prayer of the petition, and from the decree denying the same this appeal was brought.

*Francis E. Baldwin,* for the appellant.

*John F. Parkhurst,* for the respondent.

ADAMS, J.:

The Code permits a person named as executor in a will to renounce the appointment, and provides the manner in which such renunciation may be made, which is by a written instrument, "signed by him, and acknowledged or proved, and certified in like manner as a deed to be recorded in the county." (Code Civ. Proc. § 2639.)

The same section permits a party who has thus renounced to retract his renunciation, "by a like instrument, at any time before letters testamentary, or letters of administration with the will annexed, have been issued to any other person in his place;" or, in certain contingencies, even after such letters have been issued; and in case a retraction is thus made, the surrogate is invested with discretionary power to issue letters testamentary to the person making it.

It is not contended that the appellant either renounced or retracted his renunciation in the formal manner provided by the statute above cited, but it does appear — and as to this there is no dispute — that he did declare in open court his intention not to serve as one of the executors of the testator's will; that such declaration was accompanied by the request that letters of administration with the will annexed be issued to him and Oscar B. Stratton, and that the declaration thus made was accepted by the surrogate and all

parties interested in the estate, and treated as equivalent to a renunciation.

An oral stipulation entered into between parties or their attorneys in open court has been generally regarded as just as obligatory as though reduced to writing and executed with every legal formality (*Jewett* v. *Albany City Bank*, Clarke Ch. 242; *Banks* v. *Am. Tract Soc.*, 4 Sandf. Ch. 438; *Staples* v. *Parker*, 41 Barb. 648; *People* v. *Stephens*, 52 N. Y. 306); and we think that when the appellant informed the surrogate of Steuben county that he did not intend to accept the trust conferred upon him, and this statement was accepted and acted upon, his renunciation was quite as complete and efficient as it would have been had it been strictly in accordance with the directions contained in the statute. That the appellant entertained this same view is evident from the fact that he subsequently petitioned the surrogate to be relieved from his stipulation, on the ground that he had entered into the same unadvisedly. This course was unquestionably the proper one for him to have pursued under the circumstances, and, consequently, the only matter with which we are called upon to deal pertains to the refusal of the surrogate to grant the relief prayed for.

As has already been shown, a person who has renounced as executor may, under certain circumstances, and upon certain conditions, retract his renunciation, and if the renunciation is not in writing, we see no reason why the retraction should be. But in whatever form it may be made, the statute expressly declares that its acceptance rests in the discretion of the surrogate (Code Civ. Proc. § 2639); and when the right to retract in any case is denied by the surrogate, we do not see how the appellate court can interfere, unless it is made to appear that the court below has exercised in some improper way the discretionary power with which the statute has invested it. (*Barry* v. *The M. L. Ins. Co. of N. Y.*, 53 N. Y. 536.)

If there has been any abuse of discretion in this particular case the record fails to disclose it. On the contrary, we think the learned surrogate was amply justified in denying the executor's application. In the first place, it was not made until three months after the petitioner had been fully informed of the position in which he had placed himself by his renunciation. In the meantime the contest-

ants, relying upon the appellant's declaration of his intention not to serve, had withdrawn all objections and permitted the will to go to probate; proceedings were likewise instituted to prevent the issuing of letters testamentary to James Baldwin, which ultimately resulted in his renunciation, and the temporary administrator had, with the consent of the appellant's attorney, obtained leave to sell the testator's personal estate. In short, the appellant entered into an engagement with the court, as well as with the adverse party, which was subsequently accepted and acted upon; and we think the court was, therefore, bound, in good conscience, to enforce the stipulation thus entered into for the protection of all who had made it the basis of their subsequent action. (*Banks* v. *Am. Tract Soc., supra.*)

The decree of the surrogate should, therefore, be affirmed.

All concurred, except GREEN, J., dissenting.

Decree of the surrogate affirmed, with costs.