---

(100 App. Div. 479)

In re MORRIS et al.

In re BARNES' ESTATE.

(Supreme Court, Appellate Division, First Department. January 13, 1905.)

1. JUDGMENTS—RES ADJUDICATA—DECREE OF SURROGATE.
    A decree of a Surrogate's Court which has not been disturbed is conclusive of the facts stated therein.

2. DEATH—EVIDENCE—SUFFICIENCY.
    On an application for letters of administration made in 1903, evidence that the alleged decedent had not been heard from since 1876 or 1877, and

---

¶ 2. See Death, vol. 15, Cent. Dig. § 5.

that diligent search had been made to learn his whereabouts, was sufficient to authorize a finding of his death.

3. ADMINISTRATORS—LETTERS OF ADMINISTRATION—PERSONS ENTITLED.
Half-sisters of a decedent are entitled to letters of administration, as against his maternal uncle.

4. SAME—OPERATION.
A decree granting letters of administration to one of two contesting relatives of deceased does not determine who is entitled to take as distributee of the fund.

5. SAME.
A decree granting letters of administration is limited in its effect to the grant of letters, and should not confirm a finding of a referee as to the date of the alleged intestate's death.

6. SAME—PERSONS ENTITLED—RENUNCIATION—WITHDRAWAL.
The consent of the next of kin of a decedent to the issual of letters of administration to a more remote relative, when not evidenced by a written instrument acknowledged or proved and certified as a deed, or otherwise proved to the satisfaction of the surrogate, and filed in his office, as required by Code Civ. Proc. § 2663, may be withdrawn, with the approval of the surrogate, when not acted upon by the parties.

Appeal from Surrogate's Court, New York County.

In the matter of the estate of John A. Barnes, deceased. Mary Morris and another intervened in proceedings instituted by John G. Sanford to obtain a grant of letters of administration upon the estate of said deceased. From a decree of the Surrogate's Court granting letters to intervener Mary Morris, said Sanford and certain heirs at law of deceased appeal. Modified.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

John Ewen, for appellants.
Josiah Canter, for respondent.

HATCH, J. In April, 1903, John G. Sanford, one of the appellants herein, filed a certificate in the Surrogate's Court, praying that letters of administration be issued to him on the estate of John A. Barnes. The petition showed that the petitioner was a maternal uncle of the said Barnes; that the latter had disappeared from the city of New York about the year 1870; that nothing had been heard from him since, except that in the year 1876 or 1877 the father of the said Barnes received two letters purporting to have been written by Barnes from some place in the state of Texas, stating that he was then in a hospital, suffering from an injury which he had sustained; that more or less diligent search had been instituted to ascertain the whereabouts of Barnes, but nothing was discovered concerning his whereabouts, or whether he was alive. Barnes left $12,000 in money, deposited to his credit with the chamberlain of the city of New York. Upon this petition and other proof, the surrogate made an order referring the matter to a referee to take proof as to the allegations contained in the petition, and report to the court. Thereafter, and in November, 1903, a petition was duly presented by Mary Morris, a half-sister of the said Barnes, wherein it was alleged that he had mysteriously disappeared about the year 1876, that nothing had been heard from him since 1876

or 1877, that he left no wife or children, and that his only heirs at law and next of kin were the petitioner and Eliza J. Barnes, another half-sister. The petitioner applied for leave to intervene in the proceeding before the referee, and to be allowed to apply for letters of administration upon the estate of said Barnes, and that the matter be referred to the same referee to ascertain who was entitled to letters of administration, and also to fix the date of the death of the said Barnes. Annexed to this petition was an affidavit of Eliza J. Barnes, sister to the petitioner, stating that the facts set forth in the petition were true, and relinquishing her right to be appointed co-administratrix. An order was made by the surrogate granting the prayer of the petition, and the whole matter was referred to the same referee to take proof and report to the court as to who was entitled to letters of administration, and to fix the date of the death of the said Barnes. Upon the hearing before the referee it appeared that the said John A. Barnes inherited the sum of money deposited with the chamberlain from Gustavus B. Sanford, an uncle of Barnes, who deceased October 18, 1883. It further appeared that, after the death of Sanford, diligent search was made to learn the whereabouts of the said Barnes, but without success, and proof was given tending to show that the last time he was heard from was in 1876 or 1877; and the referee fixed the date of the death of the said Barnes at the expiration of seven years from January 1, 1878, which brought the date of his death on January 1, 1885. He also determined and reported that letters of administration should be issued to Eliza J. Barnes. Upon motion to confirm the report of the referee, the Surrogate determined that Eliza J. Barnes had waived her right to letters of administration in favor of Mary Morris, and that the latter should be appointed administratrix; and the report of the referee, with this exception, was thereupon confirmed. The decree upon final accounting of the administrator of the estate of Gustavus B. Sanford is not set out in the record, but it appears therein from the affidavit of Thomas J. Bannon, which accompanied the petition of John G. Sanford for letters of administration, that upon the 8th day of January, 1887, a decree was entered in the office of the surrogate of the county of New York, which, among other things, determined that the said Anthony or John Barnes inherited from the estate of Gustavus B. Sanford, deceased, as his nephew, the sum of money which was deposited with the city chamberlain of the city of New York to his credit as directed by the decree.

Upon this appeal it has been urged upon the court that the evidence given before the referee was insufficient from which to find the death of John A. Barnes, or, if dead, the proof was insufficient to fix any particular date when he deceased, and that such matter was mere speculation. So far as concerns the present order granting letters of administration to Mary Morris, we do not find it necessary to determine or consider this question. It is undisputed that the decree was entered, as stated in the affidavit of Bannon, on the 8th day of January, 1887, and by that decree it was determined that this sum of money deposited with the chamberlain was the money and property of John A. Barnes. This decree has been in no wise disturbed since its rendition, and it is conclusive of the facts stated therein. Redfield's Law & Practice, Surrorogates' Courts (5th Ed.) p. 854 et seq. For purposes of administra-

tion, therefore, the fund is to be regarded as belonging to the estate of John A. Barnes.

The proof adduced was sufficient from which the referee was authorized to find that Barnes was dead. This being the case, the half-sisters became entitled to letters of administration. Such conclusion in no wise determines who is entitled to take as distributees of the fund, nor does the decree of the surrogate assume to determine such question. It, however, confirms the report, which finds as a fact that Barnes died on or about January 1, 1885. Its operative force, however, is limited solely to the granting of letters. The decree of the surrogate appears to have been made under date of July 27, 1904, and filed in the office of the clerk of the surrogate on that day. There is no decree answering that description in this record. We assume, therefore, as the parties have raised no question concerning this discrepancy, that the only matter sought to be reviewed is the decree granting the letters; and, as to that, as we have already observed, it was correct. There was no conclusive renunciation of right to letters made by Mary Morris. She made a statement in the proceedings that she consented to letters of administration being issued to John G. Sanford. Such consent, however, was not evidenced or filed as required by the provisions of section 2663 of the Code of Civil Procedure, and did not conclude her from subsequently withdrawing such consent, if the same were approved by the surrogate. Matter of Wilson, 92 Hun, 318, 36 N. Y. Supp. 882; Matter of Haug, 29 Misc. Rep. 36, 60 N. Y. Supp. 382. Doubtless the oral statement, if acted upon by the parties, would be sufficient as a retraction and become binding; but it was not conclusive, and the surrogate had the authority to permit it to be retracted. Matter of Baldwin, 27 App. Div. 506, 50 N. Y. Supp. 872.

The decree of the surrogate in granting the letters was correct. It should, however, be modified by refusing to confirm the report of the referee so far as it finds that Barnes died on or about January 1, 1885, and, as thus modified, affirmed, without costs. All concur.