## In re CHEDSEY et al.

(Supreme Court, Appellate Division, First Department. September 29, 1905.)

JUDGMENT—OPENING—NEWLY DISCOVERED EVIDENCE.

Opening decrees for new trial on the ground of newly discovered evidence is error, there being nothing in the new matter of such a character as to change the decrees.

[Ed. Note.—For cases in point, see vol. 30, Cent. Dig. Judgment, §§ 715, 716.]

Appeal from Surrogate's Court, New York County.

In the matter of Nathan A. Chedsey and others, administrators of Gustavus B. Sanford, deceased. From an order opening decrees, appeal is taken. Reversed.

Argued before O'BRIEN, P. J., and HATCH, McLAUGHLIN, PATTERSON, and INGRAHAM, JJ.

Franklin Bien, for appellant.
John Ewen and Frederick W. Park, for respondents.

PATTERSON, J. This is an appeal from an order of one of the surrogates of the county of New York, granting a motion to open two decrees made, respectively, on the 8th day of January, and on the 18th day of November, 1887. In the fourth paragraph of the petition, upon which the order was granted, it is stated that the petitioner believes that the decrees were erroneously entered, and that John A. or Anthony Barnes was entitled to no share in the estate which was settled by the first mentioned decree. The material facts and history of those decrees are stated in the opinion of this court delivered by Mr. Justice Hatch in Re Sanford, 100 App. Div. 480, 91 N. Y. Supp. 706. The ground upon which the petitioner sought to open the decrees is that of newly discovered evidence relating to the death of John A. or Anthony Barnes, and the surrogate granted the application "so far as opening the decrees of January 8, 1887, and November 18, 1887, and said parties be, and they are hereby, permitted to try out the issues as to the date of the death of John A. or Anthony Barnes." The only ground upon which the application was made is that of newly discovered evidence, and it is argued upon this appeal that the surrogate had no power to grant the motion; but in the view we entertain of the case, it is not necessary to pass upon that question. It is sufficient to say that the decrees should not have been vacated on the ground of newly discovered evidence.

The question of laches in making the motion is not necessarily involved. All the facts were before the court when the decrees now objected to were made, and what is alleged to be new matter is not of such a character as should change those decrees, especially that of January 8, 1887. The proof adduced when the first decree was made was sufficient to authorize the finding that Barnes was dead; and, as was stated by Mr. Justice Hatch in the opinion referred to, the half-sisters became entitled to letters of administration. The proof then being sufficient, and nothing now being presented which changes the aspect of the case, there was no propriety in setting aside the first decree. All that was held on the former appeal was that it was incorrect for the surrogate to find any particular date at which John A. or Anthony Barnes died. It was held that the decree of the surrogate in granting the letters was correct, and the modification of the decree was only ordered with respect to the date at which John A. Barnes died. The matter which is referred to as new evidence does not in any respect change the status of the case and is the same as that already appearing.

Decree of the surrogate appealed from reversed, with costs. All concur.