sert and enforce his rights, and make his prosecution, contrary to the decisions, to depend upon the lawfulness of the means adopted by the officers of the law to obtain evidence against him. People v. Adams, 176 N. Y. 351, 68 N. E. 636, 63 L. R. A. 406, 98 Am. St. Rep. 675.

The motion to dismiss the indictment is denied.

(70 Misc. Rep. 154.)

### In re JONES' ESTATE.

(Surrogate's Court, Rockland County. December, 1910.)

1. COURTS (§ 36*)—PRESUMPTIONS AS TO JURISDICTION—INFERIOR COURTS.

A Surrogate's Court is one of inferior and limited jurisdiction, and persons claiming under its decree must show affirmatively his authority to make it and the facts which give him jurisdiction.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 142–144; Dec. Dig. § 36.*]

2. COURTS (§ 36*)—LETTERS OF ADMINISTRATION—ISSUANCE—JURISDICTION.

It is essential to the validity of a surrogate's decree granting letters of administration to prove the existence of the jurisdictional facts prescribed in such cases by Code Civ. Proc. § 2476.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 142–144; Dec. Dig. § 36.*]

3. DEATH (§ 2*)—EVIDENCE—PRESUMPTION FROM ABSENCE.

Under Code Civ. Proc. § 2662, providing that a citation shall not be issued or a decree made till the petitioner presumptively proves the existence of the jurisdictional facts, where a woman 34 years old, apparently in good health, shortly after leaving her husband, also abandons her 16 year old daughter and disappears and does not communicate with the daughter nor with her brother and sister with whom she was on friendly terms, and six years later her sister hears that she has been in another state, but otherwise her relatives are not informed concerning her, no proof being offered of efforts by her husband or daughter to find her, these facts do not sufficiently establish her death to authorize the issuance of letters of administration, 16 years after her disappearance.

[Ed. Note.—For other cases, see Death, Cent. Dig. §§ 1–3; Dec. Dig. § 2.*]

4. EXECUTORS AND ADMINISTRATORS (§ 20*)—LETTERS OF ADMINISTRATION—ISSUANCE—PROCEEDINGS.

Where a woman 34 years old has been absent for 16 years and not heard from except once, six years after her departure, her daughter's petition for letters of administration, not stating that the departure was the result of domestic trouble, nor assigning any other reason for it, nor stating any circumstances of the mother's death, nor showing that she was then a resident of the county in which application is made for letters, nor producing any evidence that she left no will, nor showing that she has any personal estate within the county, does not confer on the surrogate jurisdiction to grant letters of administration.

[Ed. Note.—For other cases, see Executors and Administrators, Dec. Dig. § 20.*]

In the matter of the application for letters of administration on the estate of Ida B. Jones. Application denied.

Fred. W. Penny, for petitioner.

McCAULEY, S. A verified petition has been presented to this court by Carrie M. Babcock, praying for letters of administration of the

goods, chattels, and credits of Ida B. Jones, her mother. It appears from the petition and accompanying affidavits that the maiden name of the petitioner's mother was Ida B. Flandrau; that she married in 1877 one Rufus Jones and lived with him until in or about the year 1894, when she left him, taking with her the petitioner, who was the only child of the marriage, and then 16 years of age; that she and her husband resided at Thiells, in this county, when the separation took place; that for a short time thereafter she and the petitioner resided at Tomkins Cove, in this county, when she again departed, without informing the petitioner of her intention, and leaving her unprovided for; that the petitioner has not since seen or heard from her; that she had, at the time of her disappearance, a brother and sister, living in the same locality, and with whom she was on friendly terms, neither of whom has since seen or heard from her, except that, in or about the year 1900, the sister received a letter from a friend residing at South Norwalk, in the state of Connecticut, in which the writer stated that she had seen the petitioner's mother in that city, but where and under what circumstances she did not disclose; that the petitioner's father died in July, 1907; that her mother is entitled to personal property, to wit, the sum of $578.94 now on deposit with the county treasurer of Nassau county in this state.

The petitioner does not state that her mother's departure was the result of domestic trouble; nor indeed does she assign any reason for it; nor does she state when, where, or under what circumstances her mother died, if she is in fact dead; nor does the petition show that she was a resident of this county when her death occurred, or that she left therein any personal property whatever.

A Surrogate's Court is one of inferior and limited jurisdiction, and persons claiming under the decree of a surrogate must show affirmatively his authority to make it and the facts which give him jurisdiction. Matter of Hawley, 104 N. Y. 250–262, 10 N. E. 352; Matter of Law, 56 App. Div. 454–458, 67 N. Y. Supp. 857.

The statute (Code Civ. Proc. § 2476) provides when and under what circumstances a Surrogate's Court shall have and exercise jurisdiction to grant letters of administration upon the estate of a deceased person; and proof of the existence of the jurisdictional facts is essential to the validity of the surrogate's decree in this as in every other proceeding.

The statute further provides (Code Civ. Proc. § 2662) that:

"A citation shall not be issued, and a decree shall not be made, where a citation is not necessary, until the petitioner presumptively proves, by affidavit or otherwise, to the satisfaction of the surrogate, the existence of all the jurisdictional facts, and particularly that the decedent left no will."

The fact of the death of the person upon whose estate letters of administration are applied for is, of course, of the first importance as a test of jurisdiction. The petition and affidavits fail to establish to my satisfaction that the petitioner's mother is dead. She was 34 years of age at the time of her disappearance and, so far as the petition and affidavits disclose, in good bodily and mental health. She was seen, six years after her disappearance, in South Norwalk, in the state of

Connecticut; but no effort whatever seems to have been made by the husband or daughter to find or locate her. It is quite as reasonable to assume that she is still living as that she is dead. There are no facts stated in the petition and affidavits, aside from her continued absence, that in any wise tend to show that she is dead. The petitioner's claim is that the continued absence of her mother, without any intelligence concerning her, for a period of more than seven years, raises a presumption that she is dead and is sufficient to authorize a finding by this court that she is in fact dead. She bases her claim upon the well-known principle of the common law that seven years' absence of a person, without any intelligence concerning him, raises a presumption of his death. The surrogate, upon an application for letters of administration, must judicially determine, upon the evidence submitted to him, whether or not the person upon whose estate the letters are sought is dead. The determination must be supported by evidence; and, in the absence of direct and positive proof of death, facts and circumstances must be shown that lead to that conclusion. Great care should be taken to set forth every circumstance which would raise an inference of death, since, in a case where the fact of death does not actually exist, the letters cannot be sustained against collateral attack, unless due proof of death is adduced before the surrogate. It is quite impossible to give any standard by which to measure the sufficiency of circumstantial evidence of death; but mere information and belief, founded on nothing, is of course not proof in any legal sense. Roderigas v. East River Savings Institution, 76 N. Y. 316, 32 Am. Rep. .309; Matter of Killan, 172 N. Y. 547, 65 N. E. 561, 63 L. R. A. 95; Scott v. McNeal, 154 U. S. 34, 14 Sup. Ct. 1108, 38 L. Ed. 896; Matter of Sanford, 100 App. Div. 479, 91 N. Y. Supp. 706; Czech v. Bean, 35 Misc. Rep. 729, 72 N. Y. Supp. 402; Matter of Morgan, 30 Misc. Rep. 578, 63 N. Y. Supp. 1098; Matter of Norton, N. Y. Law J., July 12, 1891.

My attention has been called to no case, nor have I been able to find one, where a Surrogate's Court, upon an application for letters of administration, has exercised jurisdiction and granted letters upon mere proof of absence for a period of upward of seven years. The common-law presumption, already referred to, is not alone sufficient evidence of death to confer jurisdiction upon a Surrogate's Court to entertain a proceeding for the probate of the absent person's will, or to grant letters of administration upon his estate. The case of Ruoff v. Greenpoint Savings Bank, 40 Misc. Rep. 549, 82 N. Y. Supp. 881, on which the petitioner seems to rely, is not an authority to the contrary.

The petition and accompanying affidavit, upon which in that case the letters were issued, set forth facts which, as the surrogate decided, justified the finding that the person upon whose estate the letters were applied for was dead; in other words, there was evidence, aside from a continued absence of eight years, upon which the surrogate based his finding of death. Moreover, the question of the validity of the letters in that case was not raised upon an appeal from the order granting them, or in a proceeding for their revocation, where the evidence upon

which the decree was founded might have been reviewed, but in a collateral action.

The petition does not state, nor do the affidavits show, that the petitioner's mother was a resident of this county at the time of her death; nor, indeed, do they bring the case within the purview of the statute. Code Civ. Proc. § 2476. If it be said that the mother's domicile was that of her husband, he being a resident of this county until and at the time of his death, although they were living separate and apart from each other; nevertheless, if she survived him, she may have acquired a new domicile since his death occurred more than three years ago.

It should, also, be remarked that the personal property to which the petitioner's mother is entitled is not within this county, but is on deposit with the treasurer of Nassau county.

Nor is there any evidence that she left no will, if she is in fact dead. There is a statement in the petition to the effect that she died without leaving any last will and testament; but it is of no value as evidence, since it also appears therefrom that the petitioner has neither seen nor received any communication from her mother during the past 16 years.

The petitioner may be entitled, upon a proper application, to the appointment of a temporary administrator. Section 2670 of the Code provides that such an administrator may be appointed where a person, of whose estate the surrogate would have jurisdiction if he was shown to be dead, disappears or is missing, so that, after diligent search, his abode cannot be ascertained, and under circumstances which afford reasonable ground to believe, either that he is dead, or that he has become a lunatic, or that he has been secreted, confined, or otherwise unlawfully made away with.

The office of a temporary administrator is to collect and preserve, rather than to distribute, as in case of administration in chief. It is not therefore to be expected, so far as the presumption of death is concerned, that the same certainty should be proven as in cases of general administration. The Code seems to recognize this distinction. The application must be denied.

Decreed accordingly.