### McMAHON v. CRONIN.

(Supreme Court, Appellate Division, Third Department.   March 8, 1911.)

1. HUSBAND AND WIFE (§ 49½*)—EVIDENCE—COMPETENCY—CONVERSATION.

In an action by the executrix of a deceased wife against the husband to recover the amount of a certificate of deposit, which, though payable to the wife, had always been kept by the husband, where it appeared that the certificate represented deposits made from time to time by the husband in the name of the wife, the husband, after testifying that the money belonged to him, was entitled to testify as to what he said at the time he made the last deposit; the issue being as to whether he intended the deposit as a gift to the wife.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 249–255; Dec. Dig. § 49½.*]

2. EVIDENCE (§ 151*)—COMPETENCY—INTENTION.

A husband may testify as to his intention in making a deposit in the name of his wife to rebut the presumption of a gift.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 440; Dec. Dig. § 151.*]

Smith, P. J., dissenting.

Appeal from Trial Term, Chemung County.

Action by Julia McMahon, as sole executrix of the last will and testament of Johanna Cronin, deceased, against Quincy W. Wellington and another, in which Patrick Cronin was substituted as defendant. From a judgment for plaintiff and an order denying a motion for a new trial, the substituted defendant appeals. Reversed, and new trial granted.

The action was brought by the plaintiff as executrix of the will of Johanna Cronin, deceased, against Quincy W. Wellington and Benjamin W. Wellington, to recover the sum of $764.26, the money represented by a certificate of deposit dated June 6, 1906, issued by Q. W. Wellington & Co.'s Bank, of Corning, N. Y. The defendant claiming the money, he was substituted as defendant, and the money was brought into court.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Johanna Cronin died September 12, 1906, leaving a will wherein she gave all of her personal property to the plaintiff, her sister, subject to the payment of the income to the defendant during life, and appointed her the executrix.

It appeared upon the trial that on the 25th day of April, 1900, the defendant deposited $300 in Q. W. Wellington & Co.'s Bank, to the credit of Johanna Cronin, his wife, and received a certificate of deposit for that sum, which recited that Johanna Cronin had deposited three hundred dollars, payable on return of the certificate properly indorsed; that each year thereafter down to the year 1906, the wife indorsed the certificate taken the year before, and the defendant surrendered it to the bank and took out a new certificate for the amount and the interest and other like deposits, to the credit of his wife, so that, the certificate issued on the 6th day of June, 1906, was for the sum of $764.26.

The defendant testified that each year he took the certificate home and put it in a drawer, of which he had a key, and where he kept all his other papers and accounts, and that it remained there until he took it back at the end of the year to exchange it for another; that when he put the certificate of June 6, 1906, in the drawer he put the key in his pocket and did not take the certificate out of the drawer until after the death of his wife.

It also appeared that the defendant had done considerable business at the bank, that he had made several other deposits, and the certificates of deposit had been issued to him in his own name.

The plaintiff, the executrix and principal legatee, was called as a witness on the trial in her own behalf and gave evidence concerning a transaction between the deceased and the defendant. The defendant gave evidence in his own behalf, under section 829 of the Code of Civil Procedure, concerning the same transaction testified to by the plaintiff. His narrative of the transaction is substantially that he told his wife that the note was due in Wellington's Bank and he wanted to get it renewed to keep it up to date and that he did not find the key where he kept it; that the deceased said "If you will put it in my name, if you will I will give you the key and you can have that note if you will put it in my name, but I know" she says "the money is yours" she said "and your earnings." He also testified that she said that she would feel more satisfied and better and it would make her mind easy if he would put it in her name, "But I know the money is yours"; that he said that he knew she was sick and "I don't want your mind to be uneasy," I said, "but you know the money is mine; I will fix it that way to please you." He said that he then went to the drawer and took out the certificate, asked the plaintiff to sign his wife's name to it and went up to the bank with it, and that before he surrendered it and received the certificate in question, he had a conversation with Mr. Eaton, the cashier. The defendant was then asked "What was the conversation?" This was objected to by plaintiff's counsel, excluded by the court and the defendant excepted. The defendant was also asked: "When you deposited this money in the bank in your wife's name and took the certificate home and put it in the drawer where you kept your papers, did you intend that as a gift to anybody?" This was objected to by the plaintiff and excluded by the court, and an exception was taken to the ruling. The court also refused to permit the defendant to testify to the talk had with the people at the bank in April, 1900, when he deposited the $300 to the credit of his wife and received the first certificate of deposit.

Argued before SMITH, P. J., and KELLOGG, SEWELL, HOUGHTON, and BETTS, JJ.

Waldo W. Willard, for appellant.

Alexander C. Eustace, for respondent.

SEWELL, J. · One of the questions tried and determined by the jury was whether a gift by the defendant to the deceased of the moneys deposited by him was established.

The testimony of the defendant tended to show that, while the form of the deposit imputed such an intention, he had in fact no intention of divesting himself of ownership. This evidence was clearly competent upon the question whether the sum deposited became an accomplished gift. In considering this issue of fact, the jury also had the right to know what the defendant said at the time he made the last as well as the first deposit, for the purpose and intention attending the original transaction followed all the subsequent deposits. What the defendant said at the time of making the deposit if it bore on the character of the deposit made was one of the attending circumstances by which the jury could determine whether he intended at that time, and by the act of deposit, to give the money to her. In the case of Mabie v. Bailey, 95 N. Y. 206, Judge Andrews, in discussing the question whether surrounding circumstances may not be shown to vary or explain the character of a deposit and the intent with which it was made, said:

"If it was now necessary to decide that point, I should incline to the opinion that the character of such a transaction, as creating a trust, is not conclusively established by the mere fact of the deposit so as to preclude evidence of contemporaneous facts and circumstances constituting res gestæ to show that the real motive of the depositor was not to create a trust, but to accomplish some independent and different purpose inconsistent with an intention to divest himself of the beneficial ownership of the fund."

In Cunningham v. Davenport, 147 N. Y. 43, 41 N. E. 412, 33 L. R. A. 373, 49 Am. St. Rep. 641, the scope of this decision was that evidence of contemporaneous facts and circumstances is admissible to explain the depositor's intent, and I have found no decision in conflict with this conclusion.

We also think that the court erred in excluding the testimony of the defendant as to whether he intended to make a gift when he deposited the money in the bank in his wife's name. We see no reason why he was precluded from testifying to that fact. It cannot be doubted that this testimony bears directly upon this issue in the case. It was an important, if not the controlling, factor in rebutting the presumption arising from the form of the deposit. If the defendant intended by the act of depositing the money to make a gift, it then becomes complete. But, if the deposit was to the credit of the wife for reasons connected with taxation, the rules of the bank limiting the amount which any one individual may keep on deposit, a desire to conceal from others knowledge of his pecuniary condition, the gift was not an accomplished fact. Beaver v. Beaver, 117 N. Y. 421, 22 N. E. 940, 6 L. R. A. 403, 15 Am. St. Rep. 531.

Our conclusion, therefore, is that the judgment should be reversed and a new trial granted, with costs to the appellant to abide the event. All concur, except SMITH, P. J., dissenting in memorandum.

SMITH, P. J. (dissenting). I agree if the gift be claimed from the simple fact of the form of the deposit that it would be competent to show what was said at the time that the deposit was made. Inasmuch, however, as the deposit was made in pursuance of an agreement theretofore made with his wife to put the certificate in her name,

it does not seem to me right that this man after having made that agreement can alter its effect by any declarations made at the time that he made the deposit not in the presence of his wife. Suppose in pursuance of a contract between a man and his wife the man had deposited in her name in the bank $1,000, could he after her death claim that the $1,000 was his because when he deposited the moneys he had told the cashier that the moneys were put in his wife's name to avoid taxation for instance, or for any other specific purpose? It seems to me rank hearsay. For whatever purpose he made the agreement to take the certificate in her name, he made it for the purpose of getting possession of another certificate which was already in her name, and she had the right to assume when the new certificate was brought back in her name that her title was not impaired by some declaration her husband might have made at the time he deposited the money and took out the certificate not in her presence. I therefore dissent.