(158 App. Div. 786.)

ROUGHAN v. CHENANGO VALLEY SAVINGS BANK.

(Supreme Court, Appellate Division, Fourth Department. November 12, 1913.)

1. BANKS AND BANKING (§ 301*)—DEPOSITS—WITHDRAWAL—CONDITIONS.

Where plaintiff made bank deposits in the name, but without the knowledge, of her mother and nephew, with the intention that the deposits should belong to them should they survive her, plaintiff, who had meanwhile lost the books, was entitled to withdraw the deposits upon the mother's and nephew's death, without giving the bank an indemnity bond or administering the decedents' estates; they having no property, and the bank's rule not providing for indemnity bonds by a depositor under such circumstances.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 1159, 1162–1164, 1166–1168, 1172–1176; Dec. Dig. § 301.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. EXECUTORS AND ADMINISTRATORS (§ 3*)—ADMINISTRATION OF ESTATE—AB-
SENCE OF PROPERTY.

There could be no administration upon a decedent's death if she had
no property, in view of Code Civ. Proc. §§ 2476, 2662, contemplating that
a decedent shall have property in the state in order to grant letters of
administration.

[Ed. Note.—For other cases, see Executors and Administrators, Cent.
Dig. §§ 1, 3–14½, 1782; Dec. Dig. § 3.*]

3. GIFTS (§ 30*)—GIFTS INTER VIVOS—REQUISITES.

There was no valid gift of a bank deposit to plaintiff's mother and
nephew, where she, without their knowledge, made deposits in their name
with the intention that it should belong to them should they survive her,
if they died without ever having learned of the deposits; there being no
delivery or acceptance.

[Ed. Note.—For other cases, see Gifts, Cent. Dig. §§ 52–57, 65; Dec. Dig.
§ 30.*]

4. BANKS AND BANKING (§ 306*)—ACTIONS FOR DEPOSITS—SUFFICIENCY OF EV-
IDENCE—INTENTION OF DEPOSITOR.

Evidence, in an action to recover bank deposits made in the name of
plaintiff's nephew and mother, who died without having learned of the
deposits, held to show that plaintiff when she made a deposit did not in-
tend to pass title to her mother and nephew unless they survived her.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 1165,
1169, 1183–1188; Dec. Dig. § 306.*]

5. BANKS AND BANKING (§ 301*)—DEPOSITS.

Plaintiff had the right to deposit money in a bank in the name of oth-
ers without informing the bank that the name of the depositors was not
her own name.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 1159,
1162–1164, 1166–1168, 1172–1176; Dec. Dig. § 301.*]

6. TRUSTS (§ 34*)—CREATION—BANK DEPOSITS.

Plaintiff's deposit of money in a bank in the name of her mother and
nephew, without their knowledge and without informing the bank that
the names given as depositors were not plaintiff's, did not constitute a
trust in favor of the nominal depositors.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 44; Dec. Dig.
§ 34.*]

Appeal from Special Term, Broome County.

Action by Anna Roughan against the Chenango Valley Savings Bank.
From a judgment for defendant, plaintiff appeals. Reversed, and new
trial granted.

See, also, 157 App. Div. 884, 141 N. Y. Supp. 1144.

Argued before KRUSE, P. J., and ROBSON, FOOTE, LAM-
BERT, and MERRELL, JJ.

Jerome De Witt, of Binghamton, for appellant.

Mangan & Mangan, of Binghamton, for respondent.

MERRELL, J. This appeal comes to us from the Third depart-
ment, Mr. Justice Lyon of that court having been disqualified from
sitting, and the remaining justices qualified to hear said appeal being
equally divided in the determination thereof.

The action is to recover of the defendant bank the sum of $1,256.95,
with interest thereon at the rate prescribed by defendant, said amount
representing the proceeds of deposits made by plaintiff in the defendant

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

bank in two separate accounts under the following unusual circumstances: On December 9, 1878, the plaintiff, Anna Roughan, a stranger to the defendant and its officials, and without disclosing her real name, visited defendant's banking establishment and deposited therein the sum of $370 in the name of Bridget W. Roughan; plaintiff at the time representing that she was Bridget W. Roughan. She then signed the usual identification card, signing as follows, "Bridget W. Roughan, Binghamton," and defendant issued to her in the name of Bridget W. Roughan its passbook numbered 9,096. In 1895, the defendant bank, under an order of the Supreme Court, was permitted to settle with its depositors, by scaling down the several deposits, including plaintiff's, 15 per cent., and thereupon plaintiff surrendered her passbook No. 9,096 issued to her in December, 1878, under the name of Bridget W. Roughan, and there was issued to her a new passbook, also in the name of Bridget W. Roughan, for the balance of her deposit and interest; said new passbook being numbered 2,402, and plaintiff receipting therefor as "Bridget Roughan." On April 11, 1896, the plaintiff again appeared at defendant's banking office and made a second deposit of $500 in the name of a James W. R. Kelley, who was a nephew of the depositor, and who was then represented by the depositor to be absent in the country. Defendant's passbook No. 6,492, representing said deposit of $500, was then issued and delivered to plaintiff in the name of James W. R. Kelley. The nephew in whose name said deposit was made was a son of plaintiff's sister. He was a cripple, and plaintiff had reared and cared for him upon his mother's death and for some years thereafter. There has never been any withdrawal from the last-mentioned account, and only $37.90 has been withdrawn from the first deposit account; said amount having been withdrawn by plaintiff in two installments in the years 1895 and 1896, respectively, and plaintiff still using the name "Bridget W. Roughan" under which she had opened the account in 1878. Bridget W. Roughan was the mother of the plaintiff and always resided in Ireland. The plaintiff had been accustomed to contribute to the support of her aged mother in Ireland, and testified upon the trial that her purpose in making the deposit in the name of her mother was so the mother would be able to get it if anything happened to the plaintiff. That the money so deposited by plaintiff was hers and in the accumulation of which the mother had no hand is beyond dispute. Nor did the mother in Ireland ever have any knowledge or information of the act of the daughter in thus providing a fund for her in case she outlived her daughter. Bridget W. Roughan was never a party to the transaction and died in ignorance of the generous act of the daughter. The same is equally true as to the deposit account made by the plaintiff in the name of her nephew, James W. R. Kelley. Neither of the persons whose interest in the funds deposited were dependent upon their surviving the depositor ever knew of plaintiff's action for their benefit. Bridget W. Roughan died about the year 1896, in Ireland, never having visited America. The nephew, James W. R. Kelley, died some time prior to the commencement of this action.

Both passbooks, covering the accounts in the names of the mother and nephew, respectively, were retained by plaintiff; she remaining

in possession of them, carrying them constantly upon her person. In October, 1908, plaintiff lost both books and has never recovered either. Immediately upon discovering her loss, plaintiff notified defendant thereof and demanded the balance of said deposits with accumulated interest. Then for the first time defendant learned of the peculiar circumstances of the deposits. The defendant declined to pay unless plaintiff would give defendant a bond to indemnify it against loss. Plaintiff called several times upon defendant, in company with friends and counsel, and was informed that the bank would not pay unless plaintiff produced a bond indemnifying it against presentation of the books. The defendant has also signified its willingness to pay the amounts of the deposits, with accrued interest, in each case, to the personal representatives, when appointed, of the persons in whose names the deposits were made. However, the evidence seems to indicate that this last offer to pay to personal representatives was not made at the time of the demands made by plaintiff when she made known to the bank the loss of the passbooks. The sole condition which then seems to have been imposed by defendant was the giving of a bond to indemnify it against the claims of persons who might later produce the passbooks and demand payment of the moneys represented thereby. The defendant produced upon the trial its form of indemnity bond and showed its offer to fill it out for execution by plaintiff and surety. The plaintiff disclaims ability to furnish the required bond.

[1] I do not think the defendant is in a position to insist upon plaintiff's producing such bond. It has adopted no rule or by-law authorizing it to impose such a condition upon its payment of deposits when passbooks are lost. In the absence of such a provision of its by-laws, defendant is not justified in resisting plaintiff's claim on that ground. Mierke v. Jefferson Co. Savings Bank, 208 N. Y. 347, 353, 101 N. E. 889.

[2] Nor do I think, under the circumstances, the plaintiff should be compelled to administer the estates of her deceased mother and nephew in order to obtain the moneys which she thus deposited. So far as the evidence discloses, the facts are not sufficient to confer jurisdiction upon any court to appoint personal representatives of the deceased persons. The mother of plaintiff was never a resident of this country, nor is it shown that either she or the nephew had any property here or elsewhere, and, unless plaintiff should concede that the deceased persons had some interest in the funds in question which upon their decease passed to and formed their estates, it is difficult to see how administration could be obtained. Code Civ. Proc. §§ 2476, 2662; In re Jones' Estate, 70 Misc. Rep. 154, 128 N. Y. Supp. 477; In re McCabe, 84 App. Div. 145, 82 N. Y. Supp. 180; Evans v. Schoonmaker, 2 Dem. Sur. 249; Taylor v. Public Administrator, 6 Dem. Sur. 158.

Nor do I think the plaintiff open to criticism for declining to concede that the deposits belonged to her mother and nephew, respectively, for the purpose of laying foundation for the appointment of personal representatives of the deceased persons. From her standpoint

neither had any interest in their respective funds unless they survived her. And besides, such a position on her part might involve dangerous complications upon final distribution of the estates, and when she might encounter embarrassment in explaining the true situation to creditors or next of kin of the deceased persons. The defendant professes entire willingness to pay over the amounts of the said accounts at such time as it can do so with safety. While the situation is not without its embarrassments, it seems to me that the defendant can safely pay over these moneys to plaintiff. What is the real status of plaintiff with reference to these funds? There is little or no dispute as to the essential facts. The money deposited by plaintiff was her own. She says she intended the deposits to go to her mother and nephew, respectively, upon her death. Until then they had no interest therein. Title to the moneys in controversy in any one save the plaintiff must be upon one of two theories: Either plaintiff, in making the deposits, intended them as outright gifts to the mother and nephew, respectively; or it was her intention to create tentative trusts for their benefits. It seems to me she did neither.

[3] Under elementary principles of law governing gifts, it cannot be seriously claimed that the moneys so deposited by plaintiff passed to the mother and nephew as gifts. Neither of them was privy to plaintiff's acts. Every essential requisite to a valid gift is wanting. There was no intent to give on the part of plaintiff, express or implied. There was no delivery of the things given to or for the donees in pursuance of such intent, and no acceptance by the donees. They never knew of their relative's acts in their respective behalves. Surely there was no gift. Beaver v. Beaver, 117 N. Y. 421, 428, 22 N. E. 940, 6 L. R. A. 403, 15 Am. St. Rep. 531; Sullivan v. Sullivan, 161 N. Y. 554, 56 N. E. 116; McMahon v. Cronin, 143 App. Div. 842, 128 N. Y. Supp. 423; Beaver v. Beaver, 137 N. Y. 59, 32 N. E. 998.

[4] The moneys were deposited with defendant under some theory on plaintiff's part that if her mother and nephew should survive her the moneys so deposited would go to each respectively upon plaintiff's death. It is clear to me that she had no intention to convey to either of her said relatives any present title or interest in the moneys so deposited, and that unless they survived her it was her intention that they would have no interest therein. Not alone by her testimony is such intention borne out, but it clearly appears from the manner in which she made the deposits, her withholding the knowledge thereof from her mother and nephew, her occasional withdrawals from one of the accounts, and her retention of the passbooks.

[5] It seems to me that under the evidence the moneys were plaintiff's. They represented the fruits of her toil and frugality. In their accumulation neither the mother nor the nephew had contributed. She had a right to deposit them where she saw fit and in those names she saw fit and to withhold the evidence thereof as she did. Washington v. Bank for Savings, 171 N. Y. 166, 63 N. E. 831, 89 Am. St. Rep. 800.

So far as parting with title to the moneys so placed by her, the case is no different in principle than had she made provisions in her will for her mother and nephew, to become effective upon her decease.

Such testamentary provisions would convey no title to the bequests unless the beneficiaries survived the testatrix, and could be revoked by her at any time prior to her death.  So with these deposits.  They were to become effective only upon the mother and nephew surviving plaintiff.  They having died, it seems to me she had a clear right to revoke her action, and indeed the deaths of the mother and nephew prior to that of plaintiff ipso facto worked a revocation of plaintiff's acts in making the deposits in their respective names, so far as any interest which they might have had in case they had survived her may be concerned.

[6] Moreover, I think plaintiff's acts fell far short of creating trusts in favor of her mother and nephew, either absolute or tentative.  There certainly was no declaration of trust when either deposit was made, nor at any time thereafter.  No trust can be implied simply by a deposit by one person in the name of another.  As was said by Judge Andrews in Beaver v. Beaver, 117 N. Y. 421, at page 428, 22 N. E. 940, at page 941 (6 L. R. A. 403, 15 Am. St. Rep. 531):

"To constitute a trust there must be either an explicit declaration of trust, or circumstances which show beyond reasonable doubt that a trust was intended to be created."

Plaintiff, in making the deposits shown in the case at bar with the intention that those whom she desired to aid should only receive her bounty upon her death, passed no title to said funds.  The plaintiff parted with no title to the moneys deposited.  As was said by Judge Werner in Sullivan v. Sullivan, supra:

"The defendant acquired no rights in præsenti; she was to acquire them in futuro.  This is the test which marks the essential difference between a valid gift inter vivos, or an effectual parol trust, and the mere expressed desire or intention to do that in the future which can only be done by will.  As was said by this court in Gilman v. McArdle, 99 N. Y. 461 [2 N. E. 464, 52 Am. Rep. 41]: 'It is only in respect to dispositions of property which are not to have any effect except upon the death of the owner and are revocable, that he is confined to a will.'"

I am therefore of the opinion that the evidence establishes conclusively that the plaintiff is the only person entitled to the moneys in question.  The passbooks are lost, and satisfactory proof of such loss has been presented to the bank.  It would seem that plaintiff has met every reasonable requirement that defendant could make.  Its insistence upon the appointment of legal representatives of the mother and nephew is apparently based upon the erroneous assumption that they were the depositors, within the terms of section 26 of defendant's bylaws.  The plaintiff was the depositor.  Defendant has no right to impose as a condition of payment of the moneys in question that personal representatives of the mother and nephew be named and that payment be made to them.

It therefore seems to me that plaintiff is entitled to recover of defendant the balance due her upon said deposits, with accrued interest, and that the judgment of the court below should be reversed, and a new trial granted, with costs to appellant to abide event.  All concur.

KRUSE, P. J. (concurring). I concur with Judge MERRELL, except I am inclined to think that a tentative trust was established, but it was revocable by the depositor during her lifetime (Matter of Totten, 179 N. Y. 112, 125, 71 N. E. 748, 70 L. R. A. 711, 1 Ann. Cas. 900; Matter of United States Trust Co., 117 App. Div. 178, 102 N. Y. Supp. 271, affirmed 189 N. Y. 500, 81 N. E. 1177), and, she having done so, the trust never became effective. She is therefore entitled to recover the moneys.

