OPINION OF THE COURT
Marie M. Lambert, S.
In this probate proceeding, the individual who propounded the instrument, and who is a legatee thereunder, seeks to be appointed an administrator c.t.a. Although uncontested, this *984 application raises additional questions with reference to new SCPA 707 (1) (c), which now allows nondomiciliary aliens to serve as cofiduciaries under certain circumstances. (See, Matter of Al-Ahmad, 133 Misc 2d 338; Estate of Browne, NYLJ, Nov. 5, 1986, p 11, col 5; Matter of White, 133 Misc 2d 971.) Specifically, this court must decide whether the statute, which became effective August 2, 1986, is applicable to cases where a probate proceeding was commenced prior to the effective date.
In this particular case, the decedent died on September 21, 1984 and the instrument now propounded for probate was executed on June 8, 1984. After providing for the payment of debts, and a list of specific monetary bequests to members of the decedent’s family, friends, and certain churches, the decedent nominated one of her nieces, Madeline Vaughan, to be executrix. Madeline Vaughan is a nondomiciliary alien and the proceeding was commenced prior to the new statute. The petitioner sought the appointment of herself as administratrix c.t.a. and the testatrix’s competent distributees, including Madeline Vaughan, filed waivers and consents and stated that the proponent should be so appointed. At the time that Madeline Vaughan signed her waiver, she may have been under the correct impression that she could not at that time qualify for letters. Since she is now able, assuming she is otherwise eligible, to serve as a cofiduciary, a question arises whether an additional waiver should be secured from her. The answer turns on whether the statute has prospective or retroactive effect.
Absent a specific statement of legislative intent, the determination of whether a statute is intended to have retroactive or prospective effect often proves to be difficult. Various rules of statutory construction exist but their application first depends upon the proper classification of the statute under review as being either amendatory or remedial. Considerations of policy and practical consequences also come to play.
Generally, statutes are to be construed as prospective and indeed may be presumed to be prospective (McKinney’s Cons Laws of NY, Book 1, Statutes § 51 [b], [c]). Statutes that are enacted as amendments to existing laws, usually for the purposes of making old statutes conform to more recent legislative intention, are also generally given prospective effect only. (McKinney’s Cons Laws of NY, Book 1, Statutes § 52.) On the other hand, a statute that is viewed as remedial —to correct an impropriety in prior law — should be given *985 retroactive effect. (McKinney’s Cons Laws of NY, Book 1, Statutes § 54; Becker v Huss Co., 43 NY2d 527, 540-541.)
As now written, what had been SCPA 707 (1) (former c) proscribing the appointment of nondomiciliary aliens as fiduciaries has been retained but added thereto is new language which carves out a narrow exception to that rule. By its form, the new provision appears to be merely amendatory. Moreover, a purpose behind the new statute as discerned from a report on the legislation by the Committee of International Tax and Estate Planning of the trusts and estates law section of the New York State Bar Association was to bring New York law into line with laws of other States that allow nondomiciliary aliens to serve as fiduciaries. In this regard, new SCPA 707 (1) (c) represents a new legislative intention rather than an attempt to remedy a perceived impropriety in the former law.
Looking to practical considerations, this court can perceive that if the statute were given a retroactive effect, proceedings might follow for the purpose of reopening prior cases that have gone to decree. Such applications, aside from any other result achieved, would serve to impair the stable administration of those estates. In the matter sub judice the petitioner has done all that was required of her to obtain letters of administration c.t.a. — even to the extent of securing a designation by the nominated executrix that the petitioner be appointed administratrix c.t.a. She has complied with all procedural and substantive requirements as they existed before the new statute’s creation. To make her do anything more, even to only require that she obtain a new renunciation from the nominated executrix or perhaps issue a supplemental citation to her would be harsh on the petitioner and serve to delay the administration of this estate.
In view of all the above, this court finds that new SCPA 707 (1) (c) should be given prospective application rather than any retroactive effect. August 2, 1986 shall be the controlling date. In any proceeding instituted prior to August 2, whether closed or not, the new law will not be applied. In proceedings filed since that date, the new law will be given consideration and this shall apply regardless of whenever the will making an appointment of a nondomiciliary alien as fiduciary may have been drawn.
Finally, although not presented by this case, the court will comment on a circumstance which is likely to occur, to wit: *986 where a nondomiciliary alien is a beneficiary under a will and seeks the appointment of himself and an otherwise eligible New York resident who is not a beneficiary as coadministrator c.t.a. under SCPA 1418. Under SCPA 1418 (6) an eligible person can petition for the appointment of a nonbeneficiary cofiduciary upon the filing of the consents of all beneficiaries who are themselves eligible. Newly amended SCPA 707 (1) (c), in providing for the appointment of a nondomiciliary alien, does not speak of the need to secure the consents from any of the beneficiaries. In view of the fact that the new changes to SCPA 707 do not amend SCPA 1418, it appears that the consents of such beneficiaries in the above-mentioned situation shall be required. The failure to secure the consents or the ineligibility of some of the beneficiaries bring into play the order of priority of appointment mandated by SCPA 1418 (1), (2), (3). Although it may be argued that the last sentence of the amended SCPA 707 (1) (c) grants the court the discretion to bypass the order of priority in SCPA 1418, this court does not agree with such an interpretation.