OPINION OF THE COURT
Renee R. Roth, S.
In this probate proceeding, the court is requested to issue letters of administration c. t. a. to Rosi Lode, a nondomiciliary alien and her attorney, a New York domiciliary.
This application requires construction of the newly amended paragraph (c) of subdivision (1) of SCPA 707 (L 1986, ch 780, eff Aug. 2, 1986). Prior to the amendment, a nondomiciliary alien could not serve as fiduciary in this State. The - new provision permits a nondomiciliary alien [who is appointed] by the decedent’s will [or] by the court” to serve as fiduciary, provided such person is (A) one of several classes related by blood or marriage to decedent and (B) serves with a cofiduciary who is a resident of this State.
Three questions are raised by this application: (1) whether the language "[appointed] * * * by the court” includes an administrator c. t. a.; (2) whether Rosi Lode is a member of the delineated class of relatives permitted to be appointed; (3) whether some of the technical requirements of the statute governing the appointment of an administrator c. t. a. (SCPA 1418) have been preempted by the amendment to SCPA 707.
Testatrix Greta Lode died on August 12, 1986. Under the propounded instrument, she disposed of her entire estate to her sister-in-law, Rosi Lode (the wife of the brother of her predeceased husband), who is a domiciliary and citizen of England. The will nominates as executor Kurt Bendix, who predeceased. The instant petition requests that in his stead, letters of administration c. t. a. issue to Rosi Lode, the sole beneficiary, jointly with Henry Wimpfheimer, the attorney-draftsman.
If eligible, Rosi Lode is clearly entitled to receive letters of administration c. t. a. pursuant to SCPA 1418 (1) (a) since she is the sole beneficiary under testatrix’ will.
With respect to the eligibility of a nondomiciliary alien to receive letters, the concluding sentence of the amendment to SCPA 707 (1) (c) provides that "any appointment of a non-domiciliary alien * * * hereunder shall be made by the decedent’s will or, if no effective appointment is made by the decedent’s will, by the court in its discretion” (emphasis added). There can be no doubt that the underscored language *220 expressly applies to the appointment of an administrator c. t. a. and it is so held.
The question of whether Rosi Lode, the wife of decedent’s husband’s brother, is a permissible appointee requires application of a totally new statutory scheme, which contains cumbersome language. In pertinent part, SCPA 707 (1) (c) now provides that letters may issue to a natural person, who is a "descendant of a grandparent of a decedent’s spouse, or the spouse of any such grandparent or descendant of a grandparent of decedent or decedent’s spouse”. It would appear that petitioner, the wife of decedent’s husband’s brother, is "the spouse of a descendant of a grandparent of decedent’s spouse”. Moreover, the legislative history of the amendment establishes an intention to "broadly define the family relationship” in this new familial framework.
The question of whether the requirements of SCPA 1418 (6) have been preempted by the new provisions of SCPA 707 is more troublesome (see, Matter of Witherow, 133 Misc 2d 983). In pertinent part, SCPA 1418 (6) provides that "[administration may be granted to an eligible person or persons not entitled as beneficiaries upon the acknowledged and filed consent of all the beneficiaries, provided all the beneficiaries are themselves eligible”.
In the instant case, the issue arises because of the designation of the New York attorney as cofiduciary. Without his appointment, Rosi Lode, a nondomiciliary alien, may not serve. However, since the attorney is not a beneficiary of the estate, under SCPA 1418 (6) he may only be appointed upon the consent of all beneficiaries who are "themselves eligible”. Before the recent amendment to SCPA 707, the existence of nondomiciliary alien beneficiaries precluded the appointment as administrator c. t. a. of a natural person because such beneficiaries were ineligible to consent to his appointment. The question is therefore whether Rosi Lode by virtue of her eligibility to serve under SCPA 707 can consent to the appointment of a New York resident to serve with her.
Although the legislative memorandum in support of the amendment to SCPA 707 is silent on this issue, the history of this section leaves little doubt that the phrase "[a]ny appointment of a nondomiciliary alien * * * shall be made * * * by the court in its discretion” was purposed to enable the court to appoint a New York cofiduciary free of the constraints of SCPA 1418. Indeed, without such a construction, the foregoing underscored language would be meaningless.
*221 It is observed that under an earlier draft of the bill (see, A 8645), certain family members were to be eligible if "appointed by the decedent’s will or the court to serve with one or more cofiduciaries, at least one of whom is resident in this state”. The present language "or, if no effective appointment is made by the decedent’s will, by the court in its discretion” was added at the suggestion of the Committee on International Taxes and Estate Planning of the New York State Bar Association. The correspondence of the committee indicates that the revision was proposed to insure that the court could not overrule testator’s choice of fiduciary where there was a will and, more importantly, to free the court from the requirements of SCPA 1418 in selecting the domiciliary cofiduciary.
In determining this issue, the court must consider this history as well as the basic purpose of the amendment to SCPA 707 which clearly was intended to relax the severe restrictions imposed by this State on the eligibility of nondomiciliary aliens to serve as fiduciaries.
Based upon all the foregoing, the court concludes that the eligibility requirements of SCPA 707 supersede the requirements under SCPA 1418 with respect to eligibility to consent to the appointment of an administrator c. t. a. Consequently, a nondomiciliary alien who is permitted to serve as cofiduciary under SCPA 707 is eligible to consent to the appointment of a New York resident to serve as cofiduciary.
Letters of administration c. t. a. shall issue to Rosi Lode and Henry Wimpfheimer upon their duly qualifying according to law. The letters shall reflect the fact that the authority of both fiduciaries shall terminate if the resident cofiduciary moves from this State or is unable to serve.