OPINION OF THE COURT
Bernard M. Bloom, S.
The petitioner, Sarah Martin, is a nondomiciliary alien who *934 seeks letters of administration c. t. a. in conjunction with copetitioner, Vincent Gallagher, a New York resident and attorney. The testatrix, Ella McDonagh, died on October 6, 1989. The propounded instrument names Charles S. Flanagan as executor and as a legatee receiving a minor specific bequest. The petitioner, also a legatee, is testatrix’ niece and a resident of Canada. The other beneficiaries are also nondomiciliary aliens with the possible exception of the nominated executor, Mr. Flanagan, who petitioners claim cannot be found.
SCPA 707 governs eligibility to receive letters. Prior to the 1986 amendment to section 707 (1) (c), nondomiciliary aliens were not eligible. The amendment now allows a nondomiciliary alien to receive letters in conjunction with a New York resident. In this case, since the New York copetitioner is a nonbeneficiary, the consent requirements of SCPA 1418, which specifically govern issuance of letters c. t. a. to nonbeneficiaries, must be considered. This section requires a nonbeneficiary applicant for letters of administration c. t. a. to obtain the consent of all beneficiaries, and further requires the beneficiaries themselves to be eligible to receive letters (SCPA 1418 [6]).
Although petitioners appear to be able to obtain the consent of the nondomiciliary alien beneficiaries whose whereabouts are known and, who under the SCPA 707 amendment are now eligible to receive letters and to give consent, they cannot find Mr. Flanagan to obtain his consent. It is not disputed that Mr. Flanagan would be eligible to give his consent, if he were located.
It appears that the petitioners are asking the court to construe the section 707 amendment (allowing a nondomiciliary alien to serve in conjunction with a New York resident) as preempting the section 1418 consent requirements with the effect of relieving a nondomiciliary alien applicant, who is a beneficiary, from obtaining the other beneficiaries’ consent to the coappointment of a nonbeneficiary New York resident. This is an issue of novel impression.
It has been held that the SCPA 707 amendment’s inclusion of nondomiciliary aliens in the class of persons who are now eligible to receive letters has, indeed, directly affected the SCPA 1418 consent requirements by broadening the class of beneficiaries who are eligible under section 1418 to consent to the appointment of a nonbeneficiary fiduciary (Matter of Lode, 135 Misc 2d 218).
*935 In fact the section 707 amendment is just the latest in a series of amendments which has removed barriers to the acquisition of effective beneficiary consent to the appointment of nonbeneficiaries required by section 1418. Since 1967, section 1418 itself has been the subject of several amendments, the result of which is now to allow infant’s guardians, conservators, and committees to consent on behalf of their wards to the appointment of a nonbeneficiary, as administrator c. t. a. This trend is not surprising when one considers the result where the nominated fiduciary cannot or will not serve, and the beneficiaries cannot themselves take on the fiduciary responsibilities, but also cannot obtain effective consent to the appointment of a nonbeneficiary. In these situations SCPA 1418 directs the court to appoint a stranger to the beneficiaries, albeit a trusted public official, such as the Public Administrator. It is clear that the Legislature, through these amendments, is attempting to give beneficiaries every reasonable chance to choose the fiduciary who will control their assets.
In the instant case, the court is sympathetic to the plight of the petitioners and consenting beneficiaries, who are faced with the possibility of being precluded from choosing the administrator of this estate because of the disappearance of one beneficiary with only a minor interest therein. However, although the Legislature has shown willingness to facilitate satisfaction of the section 1418 consent requirements, the court finds no indication in the statutes or the legislative history that the SCPA 707 amendment, making nondomiciliary aliens eligible to receive letters, was also meant to relieve totally a nondomiciliary alien beneficiary and her nonbeneficiary copetitioner from the obligation to obtain the consent of the now broadened class of eligible beneficiaries, either directly or through their fiduciaries.
This requirement that beneficiaries consent to the appointment of a nonbeneficiary is an important protection to beneficiaries and estates, and is an integral part of the over-all legislative directive governing the order of priority in which the court must grant letters c. t. a. SCPA 1418, one of the few nondiscretionary provisions governing Surrogate’s Court proceedings, mandates issuance of letters c. t. a. with priority given to beneficiaries and in relationship to the size of their interest in the estate. Persons with no interest in the estate may receive letters only after the court is satisfied no one interested and eligible will accept appointment, and then only upon consent of the beneficiaries, or (as stated above) without *936 such consent, a court will appoint a trusted public official, such as the Public Administrator.
This mandatory order of priority is not arbitrary. Rather it reflects an acknowledgment of the superior rights of beneficiaries with the greatest interest in the estate to control administration, coupled with a practical recognition of the likelihood that the degree of a person’s motivation to properly administer and conserve an estate’s assets will be in direct proportion to the size of that person’s interest therein. (See, Goldman, Practice Commentary, McKinney’s Cons Laws of NY, Book 58A, SCPA 1418, at 373.) Nonbeneficiaries have no personal interest in the estate, but, if appointed, will control the administration and management of all the assets therein. The Legislature’s caution in requiring such extensive consent to their appointment is, consequently, well founded.
Given the importance of the section 1418 consent requirements, the mandatory nature of the priority and consent provisions, and the absence of any indication of a legislative intent for preemption thereof by the section 707 amendment, the court finds that the amendment merely facilitates the acquisition of consent as required by section 1418, but does not obviate the need for a nonbeneficiary copetitioner to obtain that consent. Accordingly, the copetitioners will have to satisfy the requirement of obtaining the consent of the other beneficiaries.
Mr. Flanagan’s disappearance does not necessarily leave the petitioners and the remaining consenting beneficiaries without remedy. Pursuant to SCPA 402 (2) and SCPA 103, the court is authorized to appoint a guardian ad litem to appear on behalf of the interests of an absentee. The guardian can in turn be authorized by the court to enter into an agreement or give consent on behalf of his ward.
Proceeding in this manner here would equitably balance the rights of the consenting beneficiaries (who hold the majority interest in the estate) to choose the fiduciary who will administer their assets with the right of Mr. Flanagan to have his interests protected in his absence. This approach is consistent with the aforementioned legislative trend to ease the burden of satisfying the extensive SCPA 1418 consent requirements, and with the recognition by the Legislature of superior rights of beneficiaries with the largest interests to control the administration of the estate (SCPA 1418, 1001).
Accordingly, a guardian ad litem will be appointed to evalu *937 ate whether an adequate search has been conducted for Mr. Flanagan, and whether it would be against Mr. Flanagan’s interests to consent to the copetitioner’s appointment.
In the meanwhile, the application for letters c. t. a. will be held in abeyance pending the appointment of a guardian ad litem, receipt of the guardian’s recommendation regarding consent, and completion of the filing of the consents of the remaining beneficiaries.