*1074 OPINION OF THE COURT
Lee L. Holzman, J.
In this application for letters of administration, the question presented is whether a nondomiciliary alien can ever be deemed eligible to serve as the administrator of an intestate estate, thereby enabling him to make a valid designation pursuant to SCPA 1001 (6) of a domiciliary administratrix who is neither a distributee nor a trust company (see, SCPA 1001 [7]). The answer to this question hinges upon whether SCPA 707 (1) (c), which was amended effective August 2, 1986, should be construed as including an administrator within the class of nondomiciliary alien fiduciaries that may be appointed by the court in its discretion (L 1986, ch 780).
Decedent’s brother, a domiciliary and citizen of Israel, is decedent’s sole distributee. He has designated petitioner, his cousin, a New York resident, to serve as the administratrix of the estate. Petitioner has agreed to waive commissions should the court appoint her as the administratrix. In addition, her attorney, who is also related to decedent, indicated on the return of process that he would provide all necessary legal services for a stipulated, modest amount. The attorney for the Public Administrator has also graciously consented to limit his counsel fees to the same amount. Of course, the Public Administrator is not permitted to waive his commissions which are fixed by statute and must be transmitted to the New York City treasury (SCPA 1106, 1107). The Public Administrator contends that the petition must be denied because the provisions of SCPA 707 (1) (c) only permit nondomiciliary aliens to serve as fiduciaries of estates of decedents who have died testate (see, Matter of Al-Ahmad, 133 Misc 2d 338; Estate of Browne, NYLJ, Nov. 5, 1986, at 11, col 5).
In order for decedent’s brother’s designation of petitioner to be effective, he himself must be eligible to receive letters of administration (SCPA 1001 [6]). Prior to the 1986 amendment to SCPA 707 it was clear that, other than an ancillary guardian of the estate of a nondomiciliary infant, a nondomiciliary alien could not serve as any type of a fiduciary of a New York estate. The statute in question reads as follows:
"§ 707. Eligibility to receive letters
"Letters may issue to a natural person or to a person authorized by law to be a fiduciary except as follows:
"1. Persons ineligible * * *
"(c) a non-domiciliary alien except in the case of (i) a foreign *1075 guardian as prescribed in 1716 (4) or (ii) a natural person (A) who is the spouse of a decedent, a grandparent or descendant of a grandparent of a decedent, a grandparent or descendant of a grandparent of a decedent’s spouse, or the spouse of any such grandparent or descendant of a grandparent of decedent or decedent’s spouse and (B) who shall serve with one or more co-fiduciaries, at least one of whom is resident in this state. Any appointment of a non-domiciliary alien fiduciary or a New York resident fiduciary hereunder shall be made by the decedent’s will or, if no effective appointment is made by the decedent’s will, by the court in its discretion.”
Both of the Surrogates in New York County have had occasion to consider the provisions of SCPA 707 (1) (c) (Matter of Al-Ahmad, supra; Estate of Browne, supra). The precise holding in these cases was that letters of administration could issue to an eligible petitioner who was not a nondomiciliary alien without serving process upon or otherwise obtaining jurisdiction over nondomiciliary alien distributees. My respected colleagues concluded that the provisions of SCPA 707 (1) (c) are ambiguous on the subject of whether nondomiciliary aliens can serve as administrators and found little that was helpful in the way of legislative history. However, they were concerned that, if the statute was interpreted as permitting the appointment of nondomiciliary alien distributees as administrators, the provisions of SCPA 1003 (2) would then require that such distributees be served with process before letters of administration could issue to an eligible distributee who was not a nondomiciliary alien. Such a requirement was found to be undesirable because it would cause significant undue delay in the commencement of the administration of many estates. Based at least in part upon this practical concern, they reasoned that the Legislature did not intend such a result and the statute should be construed as being applicable only to testate estates.
This court agrees with the result in the above-cited cases and shares the concern that a requirement that process be served upon nondomiciliary alien distributees in applications for letters of administration could result in significant delays in the administration of estates which, in many instances, would be detrimental. Nevertheless, if the words of art contained in SCPA 707 (1) (c) are to be read in harmony with the definitions contained in SCPA 103, it must be concluded that a nondomiciliary alien distributee may, in the discretion of the court, be appointed as the administrator in an intestate estate. *1076 It does not automatically follow that this interpretation of the statute results in SCPA 1003 (2) now mandating that non-domiciliary alien distributees must be served with process before letters of administration may issue to the Public Administrator or to any other eligible petitioner who is not a nondomiciliary alien.
SCPA 1003 (2) directs that ”[e]very eligible person who has a right to administration prior or equal to that of petitioner * * * must be served with process upon an application for letters of administration”. SCPA 707 (1) (c) clearly provides that a nondomiciliary alien who is not nominated as a fiduciary in a will is ineligible to receive letters of any type unless and until the court in its discretion grants such an application. Consequently, unless and until such an application has been made and the court has granted it, a nondomiciliary alien cannot be deemed a person who has a prior or equal right to letters of administration under SCPA 1003 (2). Therefore, the Public Administrator or any other eligible petitioner may receive letters of administration without being required under SCPA 1003 (2) to serve process upon any nondomiciliary alien distributee unless such a distributee has both requested and received permission from the court to act as a fiduciary.
The Public Administrator argues that the language in SCPA 707 (1) (c) that "[a]ny appointment of a non-domiciliary alien fiduciary * * * hereunder shall be made by the decedent’s will or, if no effective appointment is made by the decedent’s will, by the court in its discretion”, was the Legislature’s method of stating that a person can only fail to make an effective appointment in a will if that person has a will. The Legislature should not be charged with such convoluted use of the English language. A more natural reading of the plain meaning of the words employed is that, by definition, no effective appointment of a fiduciary is made by a will whenever a decedent dies intestate (SCPA 103 [28]). This conclusion is buttressed by SCPA 707 (1) (c) using the generic words "letters” and "fiduciary”. Specifically, the definition of "letters” includes letters of administration (SCPA 103 [34]) and the definition of "fiduciary” includes an administrator (SCPA 103 [21]). If the Legislature had intended to limit the applicability of SCPA 707 (1) (c) to testate estates, it would have either explicitly excluded administrators or limited its application to executors, administrators c. t. a. and, perhaps, testamentary trustees. To conclude that the words "letters” and "fiduciaries]” have a different meaning in SCPA 707 than the *1077 definitions set forth in SCPA 103, thereby excluding administrators from the fiduciary positions that might be held by a nondomiciliary alien, violates the following rules of statutory construction: that the legislative definitions set forth in particular acts are controlling upon the courts in the interpretation of that particular act (McKinney’s Cons Laws of NY, Book 1, Statutes § 75 [b]); that the different sections of the SCPA should be read together and construed harmoniously to create one consistent whole rather than in such a manner as to create irreconcilable conflicts (McKinney’s Cons Laws of NY, Book 1, Statutes §§97, 98); and that the failure to expressly exclude administrators from the class of fiduciaries within the operation of the statute indicates that administrators were intended to be included (McKinney’s Cons Laws of NY, Book 1, Statutes § 74).
Furthermore, it is illogical to exclude administration proceedings from the operation of SCPA 707 (1) (c). The Legislature could have logically concluded that it was only going to permit nondomiciliary aliens to serve as fiduciaries in instances where decedents expressly indicated such a desire by nominating them in their wills. However, in light of the provision that the court in its discretion may appoint "a non-domiciliary alien * * * if no effective appointment is made by the decedent’s will”, the statute must, at the very least, be construed as permitting the court to appoint a nondomiciliary alien as administrator c. t. a. even though he was not nominated by decedent to be a fiduciary of the estate. The court is hard pressed to find a rational basis for making a distinction between an administrator c. t. a. and an administrator since neither is expressly nominated by the decedent.
There still remains to be determined whether this is an appropriate case for the court to exercise its discretion in favor of granting letters of administration to a nondomiciliary alien. The potential problem with appointing a nondomiciliary alien as the fiduciary is the same in a testate or intestate estate. The concern is that the nondomiciliary alien is not readily, if at all, subject to sanction for failure to follow the orders of the court. This appears to be the reason that SCPA 707 (1) (c) does not permit a nondomiciliary alien to serve as the sole fiduciary and requires that there be at least one additional cofiduciary who is a resident of this State.
The court would not be inclined to exercise its discretion in favor of appointing a nondomiciliary alien as a coadministrator unless (1) all of the distributees are competent adults and *1078 have consented, (2) the application is presented to the court before any other eligible party has commenced the administration of the estate and (3) it appears that the granting of the application would not be prejudicial to the rights of any creditor. In this matter all of the above criteria are met. Here, decedent’s sole distributee, who happens to be a nondomiciliary alien, has indicated that he would prefer to have his cousin, a domiciliary of New York, who has agreed to waive commissions, administer the estate and that he would prefer to have the petitioner’s attorney, who is also related to him, serve as counsel. In addition, it does not appear that any creditor will be prejudiced by the granting of the application. To insure that no such prejudice shall occur the court will require that a bond be posted.
Consequently, under the facts presented, the court in the exercise of its discretion, under SCPA 707 (1) (c), concludes that decedent’s brother, a nondomiciliary alien, is eligible to serve as a coadministrator with petitioner, a New York domiciliary. Having determined that the brother is eligible to serve as administrator of the estate, he now also has the right to designate that petitioner shall serve as the sole administrator (SCPA 1001 [6]). The result reached in this case is not a radical departure from prior law inasmuch as it was clear that, under pre-1986 law, a nondomiciliary alien distributee could designate a trust company or other corporation authorized to act as fiduciary as the administrator of the estate in lieu of the Public Administrator (SCPA 1001 [7]).
Accordingly, the petition is granted and letters of administration shall issue to petitioner upon her duly qualifying according to law and posting a bond in the sum of $40,000.