OPINION OF THE COURT
Renee R. Roth, S.
Incident to this application for letters of administration, the court is required to determine whether the nonresident alien fiduciary of decedent’s postdeceased brother is eligible to consent to the appointment of an administrator in decedent’s estate.
Decedent, Elizabeth Bloomer Kerr, died intestate on February 20, 1993 survived by five Canadian siblings, one of whom postdeceased. The four surviving siblings, as well as the fiduciary of the estate of the postdeceased brother, all non-domiciliary aliens, seek to designate a New York attorney to serve as administrator of Ms. Kerr’s estate.
The law governing the eligibility of a nondomiciliary alien to serve as administrator or to consent to the nomination of an administrator has been amended several times in recent years. Historically, such a person could neither serve as, nor consent to, the appointment of an administrator (SCPA former 707 [1] [c]; 1001 [6]). Furthermore, if any of the distributees was ineligible to act as fiduciary, no letters could have been granted despite the consent of all the eligible distributees. Also, under a literal reading of former subdivision (6) of SCPA 1001, a sole distributee who was ineligible to serve as administrator could not even designate an eligible person to be appointed. The only exception was provided by subdivision (7) of SCPA 1001, which permits the appointment of a trust company or other corporate fiduciary upon the consent of "all distributees inclusive of those who may be non-domiciliary aliens provided that all such persons are otherwise eligible”.
The first substantial change was enacted in 1986, when SCPA 707 (1) (c) was amended to permit an otherwise eligible nondomiciliary alien to serve along with a resident of this State (L 1986, ch 780).
In 1993, subdivision (6) of SCPA 1001 was amended (L 1993, ch 514, § 27) to provide that: "Letters of administration may be granted to an eligible distributee or to an eligible person who is not a distributee upon the acknowledged and filed consents of all eligible distributees, or if there are no eligible distributees, then on the consents of all distributees”. Thus, the statute now permits a designation by the eligible distribu *879 tees, even if some distributees are ineligible. However, if all the distributees are ineligible there must be unanimous consent (see, Second Report of the EPTL-SCPA Legislative Advisory Committee, at 17, 24-25).
In the instant case, there is no question that the four living distributees are eligible, pursuant to SCPA 707 (1) (c), to serve as fiduciaries in New York along with a cofiduciary, who is a resident of this State. They are, therefore, "eligible” distributees as the term is used in the above-quoted SCPA 1001 (6) and may consent to the appointment of an eligible person to serve as sole administrator (see, SCPA 707 [1] [c]; Matter of Albagli, 141 Misc 2d 1073).
Thus, the question is whether the consent of the fiduciary (a nondomiciliary alien) of the deceased distributee is necessary or even valid. It could be argued that the living distributees are the only "eligible” distributees. But surely the fiduciary of the deceased distributee cannot be ignored, particularly since under subdivisions (2), (3) and (4) of SCPA 1001 fiduciaries of various deceased distributees may themselves serve as administrators if eligible. If a fiduciary can serve, his or her waiver and consent should be valid. Indeed, the spirit of the various recent amendments to SCPA 707 and 1001 compels this conclusion. As mentioned earlier, the Legislature has progressively broadened the pool of the persons eligible to serve as fiduciary, as well as the class of the beneficiaries who are eligible to consent to the appointment of a fiduciary (see, e.g., SCPA 707 [1] [c], as amended by L 1986, ch 780 and L 1993, ch 514; SCPA 1001, as amended by L 1968, ch 267, L 1981, ch 115 and L 1993, ch 514; SCPA 1418, as amended by L 1968, ch 1067, L 1981, ch 115 and L 1985, ch 536).
Finally, it is observed that subdivision (6) of SCPA 1001 is now inconsistent with subdivision (7), which, as mentioned, permits the appointment of a trust company or other corporate fiduciary upon the consent of nondomiciliary aliens. SCPA 1001 (7) was an exception to the general rule set forth in the former SCPA 1001 (6) that all distributees had to be eligible before they could designate another to serve. When subdivision (7) of SCPA 1001 was enacted, a nondomiciliary alien was ineligible for letters (see, SCPA 707 [1] [c] prior to amendment by L 1986, ch 780, elf Aug. 2, 1986), but was allowed to consent to the appointment of a trust company or other corporate fiduciary. When the Legislature changed subdivision (6), subdivision (7) became redundant because the *880 distributees can now do under subdivision (6) what they in the past could only do under subdivision (7).
Based upon the foregoing, subdivision (6) of SCPA 1001 is construed as allowing and requiring the consent of a nondomiciliary alien fiduciary of the estate of a distributee to the appointment of an administrator of an estate in this court.