OPINION OF THE COURT
C. Raymond Radigan, J.
In this proceeding for the issuance of limited letters of administration, the decedent was survived by his wife and two infant children, all of whom are nonresident aliens living in Ecuador. The issue presented is whether a third party who is unrelated to the decedent can qualify to act as administrator upon the consent of the surviving spouse. Because the court *870 believes that a nondistributee who is a citizen can qualify in such circumstances, the petition will be granted and limited letters of administration will issue to the petitioner.
The only reported case which comes close to answering the question presented is Matter of Kerr (163 Misc 2d 877), a New York County case from 1995. In that case, the decedent’s five siblings were his only distributees, all of whom were nonresident aliens. The court there held that “there is no question that the * * * distributees are eligible, pursuant to SCPA 707 (1) (c), to serve as fiduciaries in New York along with a cofiduciary, who is a resident of this State. They are, therefore, ‘eligible’ distributees as the term is used in * * * SCPA 1001 (6) and may consent to the appointment of an eligible person to serve as sole administrator” (Matter of Kerr, supra, at 879).
Other than the fact that they were nondomiciliary aliens, all of the distributees were otherwise eligible to receive letters, and were therefore eligible to consent to the appointment of a nondistributee to receive letters in their stead. This court concludes from that holding, as well as the legislative history of the statute itself, i.e., SCPA 1001 (6) (see, 2d Report of EPTL-SCPA Legislative Advisory Comm, 1993 McKinney’s Session Laws of NY, at 2356), that where the only impediment to a distributee’s eligibility is his or her alienage, that person is “eligible” for purposes of SCPA 1001 (6) and may consent to the issuance of letters to a nondistributee. Here, the surviving spouse is the only distributee whose consent is necessary because the infant children of the decedent are ineligible not solely because of their alienage, but also because of their infancy.
Accordingly, the petition is granted and limited letters of administration will issue to the petitioner, an eligible nondistributee, upon the consent of the surviving spouse.